[No. 8486.]

LIVINGSTON v. BARNEY.

1. CONTRIBUTORY NEGLIGENCE—*Directing Verdict.* Where the negligence of the plaintiff was the proximate cause of his injury, and the facts are not in dispute, the court should direct a verdict for defendant.

2. ——*Traveller Upon Highway.* One driving a motorcycle upon the highways enters an intersecting street, and without looking to right or left, collides with a passing auto car, which, if he had looked he must have seen. *Held,* his own negligence was the cause of his injury.

*Error to Denver District Court.* Hon. JOHN H. DENISON, Judge.

Mr. HORACE G. BENSON, Mr. ALBERT G. CRAIG, for plaintiff in error.

Mr. WARWICK M. DOWNING, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court.

This action is for damages resulting from a collision between a motorcycle driven by plaintiff, and an automobile driven by defendant, at the intersection of Twenty-sixth Avenue and Downing Street, in the City of Denver. The western continuation of Twenty-sixth Ave-

nue intersects Downing Street, on the west, at a point north of where said avenue enters it from the east, forming a jog, so that anyone traveling west on Twenty-sixth Avenue is obliged to turn obliquely to the north, or right, to continue westward along the avenue. Barney, the defendant in error, was driving his automobile south on Downing Street, towards Twenty-sixth Avenue. Livingston, on a motorcycle, entered Downing from Twenty-sixth Avenue, on the east, and at some point in the intersection, the exact location of which is not clearly shown on the record, collided with defendant's automobile. At the close of plaintiff's testimony defendant moved a non-suit, which was granted, and judgment of dismissal entered accordingly. This is the error assigned.

From the testimony it appears the accident occurred in the evening—it was dark at the corner, and that the defendant's automobile was a little to the left of the center of the street, and had no headlight burning, although the side lamps of the machine were lighted. It also appears from plaintiff's testimony that when he entered Downing Street from Twenty-sixth Avenue he neither looked or turned to the right, as it was his duty to do if he desired to continue westward along Twenty-sixth Avenue, but that he looked straight ahead, without turning either to the right or left. Although the accident occurred between six and seven o'clock in the evening, the plaintiff testifies that he could have seen an automobile seventy-five feet away, but that he did not look to the north, until the automobile was within five feet of him. Another witness testifies that he himself saw the automobile a block away from the point where the collision occurred.

In *Colorado Springs v. Allen,* 55 Colo. 391, 135 Pac. 790, it is held that contributory negligence is not a sufficient defense unless it appears that the contributory act was the proximate cause of the injury. When, how-

ever, it appears that such contributive act was the proximate cause, and the facts not being in dispute, it is no invasion of the province of the jury to take the case from their hands. *Pueblo v. Smith,* 57 Colo. 500, 143 Pac. 281; *Headley, et al., v. Denver & Rio Grande Railroad Company,* 60 Colo. 500, 154 Pac. 731.

The testimony is conclusive that, had Livingston looked to the north when he reached the intersection of Twenty-sixth Avenue and Downing Street, as the municipal ordinance required him to do, if he desired to continue westward along Twenty-sixth Avenue, he could not have failed to observe the approach of defendant's automobile, and so have avoided the collision. The ordinance required the defendant to look to the right, and it gave him the right of way across Twenty-sixth Avenue. It appears that he must have been looking to the right as he crossed Twenty-sixth Avenue, otherwise he would have seen the plaintiff as the latter turned into Downing Street. In any event, no negligence on the part of the defendant will relieve the plaintiff from the positive duty of looking to the right before he crossed Downing Street at Twenty-sixth Avenue. He was bound to know that any vehicle proceeding south along Downing Street had the right of way. He made no effort to discover whether or not there was any vehicle approaching. His failure to do so is a contributive omission so proximately connected with the injury complained of that but for such omission the injury could not have occurred.

In the several cases cited by counsel for plaintiff in error there were doubts as to the commission of the several acts of contributive negligence, and these doubts were properly left to be solved by the jury. But when, as in the case at bar, the facts are not in dispute, and clearly establish negligence on the part of the plaintiff, it is the duty of the court to so declare as a matter of law. *Colorado & Southern Ry. v. Reynolds,* 51 Colo. 231,

116 Pac. 1043; *Colorado City v. Hunt,* 56 Colo. 336, 138 Pac. 24; *Pueblo v. Smith, supra; Headley et al. v. Denver & Rio Grande Railroad Company, supra.*

In *Fairmount Cemetery Association v. Davis,* 4 Colo. App. 570, 36 Pac. 911, the language used seems particularly applicable to the case at bar:

"The question of negligence is a mixed one of law and fact. Where the facts are disputed, or of doubtful character, the question must be submitted to the jury under the instructions of the court; but where there is no controversy as to the facts, and from these it clearly appears what course a person of ordinary prudence will pursue under the circumstances, the question of negligence is purely one of law."

The rule is again laid down in *Jackson v. Crilly,* 16 Colo. 103, 26 Pac. 331:

"But where the facts and inferences therefrom are undisputed, where the precise measure of duty is determinite—the same under all circumstances—where a rule of duty in a given exigency may be certified and accurately defined, the question is for the court and not for the jury."

In *Headley v. Denver & Rio Grande Railroad Company, supra,* at page 505 [154 Pac. 733], it is said:

"Indeed, it is elementary that if in a given case it appears that the defendant owed the plaintiff a duty to use due care, that he violated that duty, and that the plaintiff by reason thereof suffered an injury, the plaintiff nevertheless, cannot maintain his cause of action, if his own conduct was not that of a reasonably prudent and careful man, and such conduct contributed in some measure to bring about the injury sustained. *Colo. Cent. R. R. Co. v. Holmes,* 5 Colo. 197; *C. R. I. & P. Ry. Co. v. Crisman,* 19 Colo. 30, 34 Pac. 286; *Westerkamp v. C. B. & Q. R. R. Co.,* 41 Colo. 290, 92 Pac. 687; *Liutz v. Denver City Tram. Co.,* 43 Colo. 58, 95 Pac. 600.

As the standard of duty in such cases is dependent upon the particular facts and circumstances of each, the question whether contributory negligence has been proven in a given case is usually one for the jury. Nevertheless, such question, in a particular case, may become one of law, and thus come within the province of the court, so that a particular verdict may and should be directed. Where the facts are such that reasonable men of fair intelligence may draw different conclusions the question of contributory negligence must be submitted to the jury, for the finding is then of fact. But if it is clear that only one reasonable inference can be drawn from the facts, and the course which prudence dictates be definitely discerned, the finding thereon is of law, not of fact, and it devolves upon the Court to settle the matter.''

From the testimony which plaintiff himself gave it appears that, on entering Downing Street he failed to look either way, and it also appears therefrom that his view was unobstructed. Had his vision been in any manner cut off, or interfered with, or had he looked, or otherwise attempted to avoid injury, then the question might have been one of fact for the jury. But he failed totally to observe, by not looking to the right, the duty imposed upon him by positive law, as set forth in the ordinance. In addition he violated the law of self preservation, founded on instinct, by which anyone driving on a public street is required at all times to use the faculties with which nature has endowed him, to avoid danger. Upon the undisputed facts it is manifest that plaintiff cannot, and ought not to, recover, since plainly the injury sustained resulted from his own failure to exercise that degree of care for his own protection which both the law

and common sense require of every person under circumstances such as are here disclosed.

*Judgment affirmed.*

Decision *en banc.*

Mr. JUSTICE SCOTT dissents.