No. 9421.

GOLDEN EAGLE DRY GOODS CO. *v.* MOCKBEE.

1. RULES OF THE ROAD—*Cities.* The rules of the Road in Cities require every vehicle to travel on the right hand side.

2. AUTO 'CARS—*Duty of driver at street intersection.* It is the duty of every driver of an auto car, when approaching a street intersection, to use reasonable care to see whether there is likelihood of a collision with a car approaching from the right, and if there is, to yield to it the right of way, and to keep his car under such control that he can do so.

The one having the right of way is not absolved from reasonable care, and the driver not having the right of way is entitled to assume that the car approaching from the right is not driving at a negligent rate.

3. EVIDENCE—*Judicial notice taken,* that in ordinary prudent driving it is impossible for an auto car to stop in its own length.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

*En Banc.*

Messrs. BARDWELL, HECOX, McCOMB & STRONG, for plaintiff in error.

Messrs. GILLETTE & CLARK, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

DEFENDANT in error had a judgment against plaintiff in error for injuries sustained in an automobile collision caused by the alleged negligence of defendant's servant.

Plaintiff was driving an automobile southward on South University street in Denver. As she was crossing the intersection of East Evans street a motor-delivery car of the defendant, driven eastward by defendant's servant, collided with plaintiff's car and injured her.

The complaint alleged that the defendant's car was driven in a careless, negligent and reckless manner, and at an excessive and dangerous rate of speed, whereby the collision occurred.

The answer denied the negligence and excessive speed, and charged the plaintiff with excessive speed, and with taking the right of way from defendant.

Section 1974 of Denver Municipal Code provides that "Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from the right, * * *" The court instructed the jury, among other

things, as follows: "If both the plaintiff and the defendant's driver reached the intersection of the two streets at the same time, or if the defendant's driver reached the intersection first, the defendant's driver had the right of way. If the plaintiff reached the intersection of the two streets first, the plaintiff had the right of way. * * * It was the plaintiff's duty in approaching the intersection, to look to the right to see whether any vehicle was approaching the intersection from that direction, and to so keep her automobile under control as to enable her to accord the right of way to the defendant's driver, if he reached the intersection before the plaintiff reached the intersection, or at the same time that the plaintiff reached it." "It was the duty of the defendant's driver, in approaching the intersection, to look to the left to see whether any vehicle was approaching the intersection from that direction, and to so keep his automobile under control as to enable him to accord the right of way to the plaintiff, if she reached the intersection before he reached the intersection." This instruction is erroneous because it repeals the ordinance and because it is impracticable.

It repeals the ordinance or rather inverts it, because, since the rules of the road in cities require every vehicle to travel on the right hand side, the right hand car, when both are at or near the border of the street intersection, will be much nearer the intersection of the tracks of the two cars, the point of possible collision, than the left hand car will be; it follows that whenever the two cars are approaching at equal or nearly equal distances from that point (which is the only time when collision is likely) the right hand car must yield because the left hand car will reach the street intersection first; thus the right of way, in practically all cases, except where no collision could occur anyway, is transferred from the right to the left.

If the left hand car were running close to the curb, we might have, in an extreme case, the right hand car required to stop two or three feet from the point of possible collision to yield the right of way to the other, which is then perhaps thirty or even sixty feet away.

The instruction is impracticable, because, in many cases, in which collision is likely, when the two machines are near enough to know that they will reach the street intersection simultaneously, it is too late to consider the question of right of way.

When the cars are about to reach the street intersection at the same time, the right hand car must, under the instruction, in ordinary cases, stop in about its own length—in ordinary prudent driving an impossibility.

Again, the instruction requires every driver to look both right and left to see whether any of the cars on either side will touch the street intersection before or with him; an impracticable task.

We think the right rule is that it is the duty of every driver, when approaching a street intersection, to use reasonable care to see whether there is likelihood of collision with any car approaching from the right, and, if there is, to yield to it the right of way, and to keep his car under such control that he can do so. *Livingston v. Barney*, 62 Colo. 528, 163 Pac. 863; *Colo. etc. Ry. Co. v. Cohun*, 66 Colo. 149, 180 Pac. 307. The court below was clearly right, however, in warning the jury that the one having the right of way is not absolved from reasonable care, and we think that the driver who has not the right of way is entitled to assume that the car on his right is not approaching at a negligent rate.

Cases are cited in support of the rule stated in the instruction but we regard them as inconsistent with the ordinance, and with the decisions of this court above cited, and the rule seems to us as inconsistent with modern conditions as is the old common law rule that no vehicle might stand in a street.

The judgment should be reversed and new trial granted.

Allen, J., dissents.