No. 10,926.

ROSENBAUM, ET AL. *v.* RIGGS, ET AL.

Decided May 5, 1924.

Action for damages resulting from an automobile collision. Judgment for plaintiffs.

## *Reversed.*

1. AUTOMOBILES—*Collision—Contributory Negligence.* Where by ordinance an automobile approaching a street intersection from the right has the right of way, it is the duty of a driver to look to the right when nearing a crossing, and if he sees or could have seen an approaching car in time to stop, and neglects to do so, he will be guilty of contributory negligence and cannot recover for damages sustained in a resulting accident.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Mr. T. E. MUNSON, for plaintiffs in error.

Mr. J. V. REDMOND, for defendants in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE defendants in error had judgment against the plaintiffs in error for damages resulting from a collision between the automobiles of the respective parties. The parties will be designated as in the court below. It appears from the record that the plaintiff was driving westerly on Chestnut street in the city of Sterling, which street runs east and west. Mrs. Rosenbaum, one of the defendants, was driving southerly on Third street. The collision occurred at the intersection of those streets, near the westerly line of Third street. At the time of the collision, there was in force in the City of Sterling an ordinance which, among other things, provided that "at the inter-

section of streets the vehicle to the right has the right of way".

The testimony as to the speed of the respective automobiles varied considerable. The testimony as to the defendant's speed was that it was from fifteen to twenty miles an hour, except only that plaintiff himself testified that he estimated the defendant's car was running at forty miles an hour. He said his car was going at the rate of from eight to ten miles, not to exceed ten miles an hour, and that he could have stopped it within five or six feet, had he so desired. He testified that when he was near the middle of Third street he saw the defendant's car about a hundred feet north of Chestnut street, but that he saw no reason why he should give it the right of way, because he was at the time near the middle line of Third street; also, that the other car was on the right side of Third street; that it was coming between thirty and forty miles an hour; that the collision occurred when the fore wheels of his car were just out of the intersection; that the back part of his car was struck and the car was overturned. His testimony was to the effect that Third street was fifty feet wide from curb to curb; that when he first saw Mrs. Rosenbaum he knew she was coming fast, but thought he had no reason to stop.

The charge in the complaint is that the defendant was driving at forty miles an hour. The defendant claims that the plaintiff was shown by the evidence to be guilty of contributory negligence, and therefore cannot recover.

It would seem that this charge is sustained by plaintiff's own testimony. He says that he was nearly at the middle of the intersection when he saw the defendant coming at a speed which he estimated at thirty or forty miles an hour. If he were even at the middle line of Third street when he saw the defendant coming, he would have, according to his own measurement, to go twenty-five feet, plus the length of his car before he would be out of danger of collision. He estimated that the defendant's car was going practically four times as fast as he was going. It would,

therefore, traverse the one hundred feet as quickly as his car would traverse the twenty-five feet to the west line of the street. That being so, it was very apparent that if neither one of them stopped, or slackened speed, there would be a collision. The defendant, being at the right of the plaintiff, had the right of way, and it was plaintiff's duty to recognize that, having the right of way, she might not slacken speed. Under the ordinance he should have given her the right of way, and decreased his speed so that she could pass the point of intersection in safety. It appears from his evidence that he assumed that, because he was well toward the center line of the street, he had the right of way, thus as this court said in *Golden Eagle Co. v. Mockbee,* 68 Colo. 312, 189 Pac. 850, inverting the procedure prescribed by the ordinance. In that case this court was applying an ordinance of the city of Denver, which gave the right of way to the vehicle on the right. The trial court instructed the jury that whichever vehicle reached the point of intersection first had the right of way. This court said: "This instruction is erroneous because it repeals the ordinance and because it is impracticable. * * * If the left hand car were running close to the curb, we might have, in an extreme case, the right hand car required to stop two or three feet from the point of possible collision to yield the right of way to the other, which is then perhaps thirty, or even sixty feet away. * * *

We think the right rule is that it is the duty of every driver, when approaching a street intersection, to use reasonable care to see whether there is likelihood of collision with any car approaching from the right, and, if there is, to yield to it the right of way, and to keep his car under such control that he can do so."

In *Livingston v. Barney,* 62 Colo. 528, 163 Pac. 863, we held that where it appears from the plaintiff's own testimony that he had been guilty of contributory negligence he could not recover; that it was then a question of law for the court. We there said: "Upon the undisputed facts it is manifest that plaintiff cannot, and ought not to,

recover, since plainly the injury sustained resulted from his own failure to exercise that degree of care for his own protection which both the law and common sense require of every person under circumstances such as are here disclosed."

In that case the defendant had the right of way on Downing street, and the collision occurred at the crossing of Twentieth avenue. It was held that the plaintiff owed to the defendant the positive duty of looking to the right before he crossed Downing street, and that he was bound to know that any vehicle proceeding south on Downing street had the right of way. It appears that the plaintiff in that case did not see the approaching automobile until it was within a few feet of him. His negligence was, therefore, no greater than that of the plaintiff in this case, who knew of the approach of the defendant's car, and is presumed to have known that it had the right of way, and yet took a chance of getting across in advance of the other car. In the last case cited we sustained the court in directing a verdict for the defendant.

Under the authority of the above cases we hold that the court erred in refusing to give instruction No. 2, requested by defendant, which was that, "It was the duty of the plaintiff to look to the right, and the evidence is that if he had so looked he would have seen the car in time to have stopped, and if he saw defendant's car in time to stop but neglected to do so, he was guilty of contributory negligence and therefore cannot recover."

This instruction is in accordance with the established rule in this jurisdiction.

Error is assigned upon the giving of other instructions, but as no exceptions were saved to the giving, we cannot consider them.

The judgment is accordingly reversed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.