## No. 11,019.

SAINT MARY'S ACADEMY OF THE SISTERS OF LORETTA OF
THE CITY OF DENVER, ET AL. *v.* NEWHAGEN.

Decided June 1, 1925.   Rehearing denied July 6, 1925.

Action for damages growing out of an automobile collision.   Judgment for plaintiff.

*Reversed.*

1.  AUTOMOBILES—*Rate of Speed—Negligence.*   Thirty or forty miles an hour is a negligent rate of speed for an automobile approaching a highway intersection.

2.      *Collision—Negligence.*   In an action for damages growing out of an automobile collision, plaintiff approaching a highway intersection and discovering defendant's car approaching from the right, is held guilty of contributory negligence as a matter of law, for failing to again look to the right or taking any steps to avoid a collision which she knew would probably occur if both cars proceeded without changing speed.

3.      *Collision—Negligence.*   While one driving an automobile and having the right of way is not absolved from the use of reasonable care, lack of such care on his part will not free one not having the right of way from the consequences of his own contributory negligence.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. JOHN T. BOTTOM, for plaintiffs in error.

Mr. J. W. KELLEY, Mr. H. A. CALVERT, for defendant in error.

*Department Three.*

MR. JUSTICE DENISON delivered the opinion of the court.

NEWHAGEN had a verdict and judgment against plain-

tiffs in error for damage to his automobile caused by a collision, the result of negligence of Haeffner in driving the autobus of the other plaintiffs in error, his codefendants below, and they bring the case here on error.

The collision occurred at the intersection of the Littleton paved road and Hampton road in the town of Sheridan. The plaintiff's wife with him as a passenger was driving his car north on the Littleton road. The defendant's car was going west on the Hampton road and therefore had the right of way, but was driving thirty or forty miles an hour—a negligent rate. At the crossing it struck the rear of the plaintiff's car and injured it. When, say eighty or a hundred feet from the intersection, Mrs. Newhagen saw the defendant's car approaching, about a city block, that is three or four hundred feet therefrom, and then saw that it was going at thirty or forty miles an hour. Fearing danger from the left, because of a building which intercepted her view from that direction, she did not look again to the right because, she says, she did not have time but continued to look to the left until the car she was driving was struck by the defendant's car in the intersection.

It is claimed that she was guilty of contributory negligence, as a matter of law. The claim is right. In *Livingston v. Barney,* 62 Colo. 528, 163 Pac. 863, we held that under similar circumstances the plaintiff was negligent because he failed to look. In *Rosenbaum v. Riggs,* 75 Colo. 408, 225 Pac. 832, we held that a plaintiff was negligent who looked and did not stop. In *Golden Eagle Co. v. Mockbee,* 68 Colo. 312, 315, 189 Pac. 850, we stated the rule to be that it was the duty of every driver when approaching a street intersection to use reasonable care to see whether there is likelihood of collision with any other car approaching from the right and if there is to yield the right of way and to keep his car under such control that he could do so. We there suggested that the driver who has not the right of way is entitled to assume that the car on his right is not approaching at a negligent

rate.  That suggestion has been held to be the law in *Grant v. Marshall*, (Del. Super.) 121 Atl. 664; but the question before us now is whether the plaintiff, having looked to the right and seen the defendant car, and having seen that it was approaching at a negligent rate, has the right to assume that it will slow down and approach the intersection at a careful rate and upon that assumption pay no further attention to it.  We cannot assent to this proposition.  Having seen and recognized the high speed of the approaching car she knew that if it did not change its speed and she did not change hers, there was likelihood of collision, yet she did nothing to avoid it, virtually blindfolding herself by looking the other way.  She went on trusting to obedience to the law by one who she knew was disobeying it.  She claims she did not have time to look again to the right, but she says she was going twelve to fifteen miles an hour, she had something like a hundred feet to go and, in that time, by merely moving her eyes she could look several times to the right and left.  If we say that she was not as matter of law guilty of contributory negligence we overrule the case of *Rosenbaum v. Riggs, supra.*

It is claimed that because when the defendant's car was first seen by Mrs. Newhagen it was outside the town of Sheridan she had a right, notwithstanding the fact that it was moving at an excessive speed, to assume that it would reduce its speed before it entered the town to eighteen miles an hour, the rate required by the ordinance of that town.  The argument would be worthy of consideration if there was proof that she knew the town boundaries, knew that he was outside and relied upon his recognition of the ordinance as her reason for failing to look again, but there is no such evidence.

Much is said of the negligence of Haeffner:  In *Golden Eagle Co. v. Mockbee* we said that "he who has the right of way is not absolved from reasonable care;" but that does not mean that his lack of such care frees him who

has not the right of way from the consequences of his own contributory negligence. *Livingston v. Barney, supra.*

The judgment is reversed with directions to enter judgment for the defendant.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.