## No. 11,734.

### BOYD *v.* CLOSE, ET AL.

Decided June 27, 1927.    Rehearing denied July 22, 1927.

Action for damages growing out of an automobile collision. Judgment for defendants.

### *Reversed.*

1. AUTOMOBILES—*Right of Way.* Under the rule that an automobile driver on the left should yield the right of way to one on the right, it is the position of the cars as their paths cross, not the direction of the highway, which determines the applicability of the rule.

2.        *Right of Way—Burden.* Where in an automobile collision the driver on the left failed to yield the right of way to the car on his right, the burden is upon him to excuse his failure.

3. NEGLIGENCE—*Contributory—Jury Question.* The facts upon which contributory negligence is based being in dispute, the question is one for the determination of the jury.

4. AUTOMOBILES—*Family Car—Collision—Liability.* Liability under the family car doctrine is not confined to owner or driver. In the instant case, mother of the driver of a car was liable for damages resulting from a collision although she did not know of or expressly sanction the particular trip during which the accident occurred.

5.        *Joint Enterprise.* Use of an automobile by two boys attending a dance and sharing the duty of driving between them, held a joint enterprise.

6.      *Collision—liability.*   One who relinquishes the driver's seat to another whom he knew or should have known was intoxicated, while he went to sleep on the back seat of the car, held liable for damages resulting from a subsequent collision.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Sackmann, Judge.*

Mr. CHARLES H. HAINES, Mr. NATHAN I. GOLDEN, Mr. DAVID W. OYLER, for plaintiff in error.

Mr. FRANCIS J. KNAUSS, Mr. D. L. WEBB, Mr. H. BERMAN, Mr. FRED HOLLAND, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error brought this action against defendants in error for damages occasioned by an automobile collision.  The parties are hereinafter referred to as in the trial court, or by name.

At the close of plaintiff's evidence the court sustained Mrs. Phillips' motion for a nonsuit as to her.  At the close of all the evidence the court overruled plaintiff's motion to amend his complaint to conform to the proof by alleging a joint enterprise, and sustained the motions of Close and Phillips for directed verdicts as to them. Motion for new trial was overruled and to review the judgment thereupon entered against plaintiff he brings error.

Defendant Dennis Phillips, 19 years old, and Close, 24, are cousins, and Mrs. Phillips is the mother of the former. Her husband, the father of Dennis, died December 29, 1925.   He left a will naming his wife as sole executrix. She continued to occupy the family residence, act as head of the family (consisting of three children, including Dennis, all residing with her), and was in possession of

her late husband's personal effects, including the family car. This car had usually been driven by Dennis with the consent and approval of his father and mother. On the evening of January 2, 1926, with the consent and approval of his mother, Dennis went in this car to visit his cousin at the hotel where he stayed and from there the boys attended a dance near Denver. Dennis drove the car out, but on the return trip Close, with the consent and approval of Dennis, was at the wheel. About 2 a. m. they were inside the city, driving north on Broadway, and approaching a point where that street is intersected by two others. At the same time Boyd in his car was on the same street driving south, and approaching the same point with the intention of turning left at the intersection. Each car, as was proper, was on the left of the other and on the right hand side of Broadway. When Boyd made the turn he came directly in front of defendant's car and the collision here in question, with the personal injury and property damage complained of, resulted.

The Denver ordinances forbid intoxicated persons to drive automobiles, direct that the driver on the left shall yield the right of way, and fix the maximum speed south of this intersection at 20 miles per hour and north of it at 15.

When Boyd turned left the Phillips car was approaching him from the right, and, if otherwise within the law, had first claim to the road. That they were on the same street is immaterial. It is the position of the cars as their paths cross, not the direction of a highway, which requires the establishment of a rule and determines its applicability. The trial court so held. Counsel for Boyd dispute this point but we think it too clear to admit of argument. If cars approach each other on a straight track, each on the right hand side of the road, and neither turn, no question of precedence can arise. But he who turns, thus transferring the other from his left to his right, must yield. Otherwise no rule governs and "the

race is to the swift and the battle to the strong." Since Boyd did not yield the burden is on him to excuse his failure. This he maintains he did, by pleading and proof, and this is his case so made: He was well within the maximum speed limit, was exercising reasonable care, and gave the proper signal. As he started to turn he saw the approaching lights of the Phillips car 100 yards away but had no reason to, and did not, believe that it was exceeding the speed limit. He was handicapped by the night, the lights, the location of the cars, and falling snow. Defendant's car was in fact approaching at 45 miles an hour, its driver was drunk and reckless, he did not signal, slow down, turn, or use his brakes. He covered the intervening 300 feet while plaintiff was going 90 feet. On this case plaintiff claims the right to go to the jury. That it was contradicted is, of course, immaterial. Defendants answer that they had the right of way; that no appearance could justify plaintiff's conclusion that the crossing was safe; that the mere fact that the cars came together proves the likelihood of a collision; that Boyd's failure to yield was contributory negligence which, as a matter of law, was the proximate cause of the disaster. In support of this contention they cite: *Livingston v. Barney,* 62 Colo. 528, 163 Pac. 863; *Golden Eagle Dry Goods Co. v. Mockbee,* 68 Colo. 312, 189 Pac. 850; *Rosenbaum et al v. Riggs,* 75 Colo. 408, 225 Pac. 832; *St. Mary's Academy v. Newhagen,* 77 Colo. 471, 238 Pac. 21. These cases do not sustain them. In the Livingston case plaintiff took no precautions. The Golden Eagle case was reversed because of an erroneous instruction which virtually repealed the ordinance and gave the right of way to the first arrival. That decision imposed upon both drivers the obligation of exercising reasonable care. In the Rosenbaum case plaintiff saw defendant approaching at an excessive speed, knew that a collision was imminent, could have avoided it, but did not even make the attempt. The same facts existed in the Academy case. We are now asked to fix responsi-

bility in every case of automobile crossing collision in favor of the car having the right of way under the strict provisions of statute, ordinance, or rule of the road, notwithstanding drunkenness, gross negligence and excessive speed, and notwithstanding every reasonable precaution exercised by the other under circumstances which the first driver knew, or should have known, would in all probability prove ineffectual; to outlaw every left hand driver and give carte blanche to every right hand driver to run him down. The mere statement of the proposition is its own refutation. We know of no court that has ever countenanced it and we expressly repudiate it. It should be observed that the lower court took no such view of the law. A witness, standing on the sidewalk near the point where plaintiff turned, saw the approaching car and noted its excessive speed. The trial judge held that what this witness saw, plaintiff should have seen, and for failure so to do held him guilty of contributory negligence. This ruling was erroneous. The point was disputed and the fact was for the jury. This plaintiff, on his case made, was entitled to go to the jury; but against whom?

Defendants say Mrs. Philips can not be held because she was neither owner nor driver of the offending car, and that the driver was not her agent because the trip was neither on her business nor with her knowledge and consent; that Dennis can not be held because he did not own the car, was not driving it, and being a minor and unable to contract can be held neither as master nor principal; that Close can not be held because of their asserted rule which charges plaintiff with contributory negligence as a matter of law.

Our conclusion on the question of contributory negligence disposes of the contention of Close.

The "family car" doctrine has, for the past ten years, been the law of this jurisdiction. *Hutchins v. Haffner,* 63 Colo. 365, 167 Pac. 966, L. R. A. 1918A, 1008. Liability under that doctrine is not confined to owner or driver.

It depends upon control and use. Mrs. Phillips had control of this car and it was kept for family use, which meant principally for the pleasure and convenience of Dennis. In the present instance that convenience and pleasure was to attend a dance, whether on his own account or to accommodate his cousin is immaterial. That Mrs. Phillips did not know of or expressly sanction the particular trip is also immaterial. It was clearly within the purview of the general purpose for which the car was kept and used and her liability is thereby fixed.

If there is such a thing as a joint enterprise in relation to the use of an automobile we think this is it. These two boys, in conformity to the desire of each, took a particular car for a particular trip and shared between them the duty of driver. Plaintiff's motion to amend should have been sustained. *Howard v. Zimmerman,* 120 Kan. 77, 242 Pac. 132. If anything further is needed to fix responsibility upon Dennis there is evidence that two other persons, friends of his but unknown to Close, were taken out, and that Dennis not only relinquished the driver's seat to Close, whom he knew or should have known was intoxicated, but had himself gone to sleep in the back of the car. His liability, therefore, rests not only upon the doctrine of joint enterprise, but upon his own negligence.

Much of this evidence was disputed. For aught we can say it may be literally true or wholly false. We have here held it in the light most favorable to plaintiff for so only can we determine his right to demand a verdict thereon. So considered that right is clearly apparent as to each defendant.

The judgment is reversed and the cause remanded with directions to set aside the nonsuit, grant plaintiff's motion to amend and retry the cause in conformity herewith.

Mr. Justice Whitford, sitting for Mr. Justice Butler, Mr. Justice Adams and Mr. Justice Campbell concur.