No. 12,064.

KRACAW *v.* MICHELETTI, ET AL.

Decided March 25, 1929.

Mr. CHARLES H. HAINES, Mr. SAMUEL H. CROSBY, for plaintiff in error.

Mr. G. W. HUMPHREY, Messrs. CRUMP & RILEY, for defendants in error.

*Department Two.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is an automobile negligence case.

The sole question presented for our determination is, Did the lower court err in directing the jury to return a verdict for the defendant?

The plaintiff was riding in a Ford sedan, driven by her agent westward on Virginia avenue approaching Pearl street. The defendant, Jimmie Micheletti, driving a Buick sedan, was traveling south on Pearl street approaching Virginia avenue. The cars collided in the intersection at a point approximately two feet west of the most westerly street car rail. The accident occurred in broad day light. The undisputed evidence discloses that

defendant, having the right of way, was driving excessively fast; that plaintiff was traveling at a moderate speed; that, when she reached a point, about 15 feet from the easterly curb line of Pearl street, she saw defendants' car approaching about 200 feet distant; that she continued to watch defendants' car but could not tell its speed; that, thinking she had time to cross ahead of it, she failed to yield the right of way to defendant and the collision ensued.

Having the burden of proof and admittedly guilty of negligence prima facie, before the plaintiff had a right to go to the jury, it was necessary for her to explain her act of negligence in failing to yield the right of way. This she attempts by saying, "I thought I had time to cross before the car would get to the intersection." This explanation, however, is not sufficient because it was not a conclusion which could have been arrived at by a reasonably prudent person in her position. She testified that 15 feet back of the intersection she saw defendant's car 200 feet from the intersection, that she looked a second time and saw defendant's car a hundred feet from said intersection and that she had traveled a foot and a half in the interval, and yet she could not tell whether defendant's car was travelling slow or fast. An automobile driver does not perform his duty if he merely looks to the right. The look must be accompanied by reasonable thought and judgment, otherwise there would be no reason for the duty. One could, in effect, drive the streets blindfolded and still be absolved from his own negligence. No reasonably prudent person in plaintiff's position would have failed to recognize the fact that defendant's car was approaching at an excessive and negligent rate of speed. Plaintiff cannot be heard to say that she failed to recognize the speed of defendant's automobile. She has wholly failed to explain her own negligent act and to maintain the burden of proof. The law applied is in consonance with *Livingston v. Barney,* 62 Colo. 528, 163 Pac. 863; *Rosenbaum v. Riggs,* 75 Colo.

408, 225 Pac. 832; *Golden Eagle Dry Goods Co. v. Mockbee,* 68 Colo. 312, 189 Pac. 850, and *St. Mary's Academy v. Newhagen,* 77 Colo. 471, 238 Pac. 21.

In *Golden Eagle Dry Goods Co. v. Mockbee, supra,* this rule was adopted: "It is the duty of every driver of an auto car, when approaching a street intersection, to use reasonable care to see whether there is likelihood of a collision with a car approaching from the right, and if there is, to yield to it the right of way, and to keep his car under such control that he can do so." This the plaintiff failed to do.

In *St. Mary's Academy v. Newhagen, supra,* plaintiff was held guilty of contributory negligence as a matter of law because, having looked to the right and having seen a car approaching at an excessive rate of speed, she failed to look again to the right. Plaintiff looked to the right and, although she should have recognized the speed of defendant's car, she negligently proceeded to take the right of way.

In *Rosenbaum v. Riggs, supra:* "If he saw defendant's car in time to stop but neglected to do so, he was guilty of contributory negligence and therefore cannot recover." Plaintiff, having ample opportunity, failed to stop.

The following text, in Volume 8, par. 1340h, Thompson on Negligence (White's Supplement), is pertinent. "The chauffeur, in driving his machine on a public highway must keep a vigilant watch ahead for vehicles and pedestrians, and at the first appearance of danger take proper steps to avert it, and if necessary stop the machine and even the motor, where that is necessary and practicable. He will be presumed in case of accident to have seen what he should and could have seen in the performance of his duty."

Counsel contends that this case should be controlled by *Boyd v. Close,* 82 Colo. 150, 257 Pac. 1079. This contention cannot be upheld because there the prima facie negligence of the plaintiff was explained to such an

extent that reasonable minds might differ with reference to the proximate cause of the accident, and it therefore became a jury question. The accident was at night and plaintiff was handicapped "by the night, the lights, the location of the cars, and falling snow." In the instant case, the accident occurred in broad daylight, and the plaintiff, in the exercise of reasonable care, should have known that the defendants' car was approaching at a highly negligent rate of speed, and should have exercised reasonable care to have avoided being struck. Her own testimony denies reasonable care. She has failed to explain her prima facie negligence and has failed to maintain the burden of proof. Under these circumstances, the defendant cannot be held liable and the lower court was correct in directing the verdict for the defendant.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BURKE and MR. JUSTICE BUTLER concur.