No. 12,212.

Hicks *v.* Cramer et al.

(288 Pac. 887)

Decided April 28, 1930. Rehearing denied June 9, 1930.

Mr. E. F. Chambers, Mr. F. L. Taylor, for plaintiff in error.

Mr. G. W. Humphrey, Messrs. Crump & Riley, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court, and we hereinafter refer to them as plaintiff and defendants, or by name. Ella S. Hicks, next friend, and her husband, J. M. Hicks, are the mother and father of plaintiff. Defendants are husband and wife.

Plaintiff alleged she was damaged in the sum of $5,000 by injuries received in an automobile collision in the city

of Pueblo; that those injuries were caused by the negligence of Mrs. Cramer, who, at the time, was driving her husband's car; that the Cramer car was kept and used, and was then being used, as a family car; and that it was driven by the wife with the husband's knowledge and consent. The prayer was for a joint and several judgment against defendants for the sum named. The negligence was denied, the cause tried to a jury, and verdict returned for defendants. To review the judgment thereupon entered plaintiff prosecutes this writ.

It is here contended that the verdict was contrary to the evidence, that the court erred in excluding certain testimony, in refusing two instructions, and in giving one. We think the last mentioned assignment is good, that the error charged was committed and is fatal, and that the others are not worthy of examination.

Plaintiff, fifteen years old, was riding in the rear seat of an automobile. Her father and mother were in the front seat and the father was driving. As he approached a street intersection from the north, Mrs. Cramer, driving her husband's car, as alleged, approached from the east. Each driver saw the other coming. The cars collided in the intersection at a point where each, but for the question of right of way, was entitled to drive.

Pueblo has an ordinance which strikes us as sui generis. It reads: "Of two or more vehicles approaching an intersection the one approaching from the right shall have the right of way."

That clause, while by no means a model, seems a clear attempt to recognize the usual rule. However, the act continues thus: "In the event one or more of two or more vehicles shall have entered an intersection, the one nearest the center of the intersection shall have the right of way."

If any meaning can be construed into this scrambled verbiage it must constitute a license to race for the intersection with the right of way awarded as a prize, not to him who first reaches it, but to him who, at some mythical

416

moment between the start of the flight and its disastrous culmination, shall be nearer the center of the intersection than his competitor. Either the second portion of this ordinance has no meaning or it contradicts the first. Hence it is superfluous or invalid.

Confronted with this enigma the court gave instruction No. 12, which reads: "If you find from the evidence that the automobile of the defendant had entered the intersection of the streets before that of the plaintiff's father. and was nearer to the center of the intersection, then under the ordinances of the city, she had the right of way and it became the duty of the driver of the car in which plaintiff was riding to concede her paramount right and to slow down or stop in order to avoid a collision. And if you find from the evidence that defendant had secured such right of way, then she was not guilty of negligence in attempting to cross the street and your verdict must be for the defendant."

Successful as the learned trial judge thus was in injecting some meaning into the ordinance it will be observed that he was unable to eradicate therefrom the theory of a race for the right of way as evidenced by the phrase, "if you find from the evidence that defendant had *secured* such right of way." The instruction was bad because it recognized the invalid portion of the act, and gave it precedence over the valid, thus substituting a new and dangerous doctrine for an old and safe one. *Golden Eagle Co. v. Mockbee,* 68 Colo. 312, 189 Pac. 850; *Rosenbaum v. Riggs,* 75 Colo. 408, 225 Pac. 832.

We need but add that there is nothing in the evidence in the instant case to bring any contention here made within the class repudiated by us in *Boyd v. Close,* 82 Colo. 150, 257 Pac. 1079.

For the error in giving said instruction No. 12, the judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE WHITFORD, MR. JUSTICE ALTER and MR. JUSTICE MOORE concur.