No. 12,419.

KNIFER *v.* DEJULIO ET AL.

(295 Pac. 916)

Decided January 26, 1931. Rehearing denied February 16, 1931.

Mr. L. C. KINIKIN, for plaintiff in error.

Messrs. MOYNIHAN, HUGHES & KNOUS, for defendants in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

In an automobile damage suit, defendants in error, defendants below, had judgment upon a verdict directed by the district court which plaintiff in error, plaintiff below, here seeks to review.

The record discloses that plaintiff was driving his Ford automobile south on the Montrose-Ouray highway. Defendant, Oris DeJulio, a minor, was driving a Dodge car owned by his father, east on the Dave Wood road, which terminated at the intersection of the two roads, intending to travel northward to Montrose on the first mentioned road. Plaintiff testified that he saw defendants' car approaching from his right approximately 150 feet from said intersection at a time when he was 60 feet therefrom, defendants' car then being driven at an excessive rate of speed and on the wrong and north side of the Dave Wood road, plaintiff's car being driven at the rate of 15 miles per hour. Plaintiff further testified that his brakes were in good condition and that he had ample time to stop, but instead of so doing, he turned to the left and on the wrong side of the Montrose-Ouray road where the accident occurred at a point just south of the northerly line of the Dave Wood road extended and on the extreme easterly side of the Montrose-Ouray highway. Under these circumstances, the court held the plaintiff guilty of contributory negligence as a matter of law and directed the verdict which is here questioned.

The plaintiff by his own testimony was clearly guilty of contributory negligence and the facts being undisputed, it became the duty of the court to so hold as a matter of law. *Fairmount Cemetery Ass'n v. Davis,* 4 Colo. App. 570, 36 Pac. 911; *Livingston v. Barney,* 62 Colo. 528, 163 Pac. 863; *Golden Eagle Co. v. Mockbee,* 68 Colo. 312, 189 Pac. 850; *Rosenbaum v. Riggs,* 75 Colo. 408, 225 Pac. 832; *Bartlett v. Hammond,* 76 Colo. 171,

230 Pac. 109; *Hicks v. Cramer*, 85 Colo. 409, 277 Pac. 299.

 *St. Mary's Academy v. Newhagen*, 77 Colo. 471, 238 Pac. 21, is particularly applicable to the facts here presented. In that case the plaintiff, Newhagen, was driving north on a state highway, defendant's car travelling westward at an excessive rate of speed had the right of way; plaintiff saw defendant's car when it was three or four hundred feet from the intersection and the plaintiff's car was approximately 100 feet therefrom. Plaintiff continued to drive toward the intersection where the collision ensued. The court states at page 472:

"It is claimed that she was guilty of contributory negligence as a matter of law. The claim is right. In *Livingston v. Barney*, 62 Colo. 528, 163 Pac. 863, we held that under similar circumstances the plaintiff was negligent because he failed to look. In *Rosenbaum v. Riggs*, 75 Colo. 408, 225, Pac. 832, we held that a plaintiff was negligent who looked and did not stop. In *Golden Eagle Co. v. Mockbee*, 68 Colo. 312, 315, 189 Pac. 850, we stated the rule to be that it was the duty of every driver when approaching a street intersection to use reasonable care to see whether there is likelihood of collision with any other car approaching from the right and if there is to yield the right of way and to keep his car under such control that he could do so. * * * the question before us now is whether the plaintiff, having looked to the right and seen the defendant car, and having seen that it was approaching at a negligent rate, has the right to assume that it will slow down and approach the intersection at a careful rate and upon that assumption pay no further attention to it. We cannot assent to this proposition. Having seen and recognized the high speed of the approaching car she knew that if it did not change its speed and she did not change hers, there was likelihood of collision, yet she did nothing to avoid it, virtually blindfolding herself by looking the other way. * * * If we say that she was not as matter of law guilty of

contributory negligence we overrule the case of *Rosenbaum v. Riggs*, supra.''

Plaintiff's testimony in this case shows that he was guilty of contributory negligence in a greater degree than the plaintiff in the Newhagen case, because he turned his car to the left and on the wrong side of the road directly in the path of defendant's car and deliberately placed himself in a position where defendant must have violated the rules of the road to have avoided a collision.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.