## No. 12,523.

ENGLEBRIGHT ET AL. *v.* ROWLEY.

(9 P. [2d] 283)

Decided March 7, 1932.

Messrs. PHELPS, BAKER & GOBIN, for plaintiffs in error.

Mr. V. G. SEAVY, Mr. A. T. STEWART, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

HAROLD Rowley sued E. W. Englebright and his son, Chester M. Englebright, for damages for injuries to the plaintiff's automobile caused, it is said, by the negligence of young Englebright while driving his father's motor truck. The court directed a verdict for the plaintiff, and the defendants are here seeking a reversal of the judgment.

Broadway, in Pueblo, is sixty feet wide, measured

from curb to curb. In the center is a parkway twenty-four feet wide, leaving an eighteen-foot driveway on each side.

The wife of the plaintiff was driving his automobile south on Broadway. When she arrived at the intersection of the west driveway and Evans street she slowed down to about six miles per hour, and when she was a few feet farther than half way through the intersection she made a left-hand turn to go east on Evans street. As she started to turn she saw the Englebright truck coming north on the east driveway. The truck was then about one hundred feet south of the street intersection. When the front of the plaintiff's automobile had reached a point about fifteen feet east of an ornamental light post located at the center of the intersection of Broadway and Evans street, the automobile collided with the truck. The truck was proceeding north in a direct course, was on the right (east) side of the east driveway, and was going at the rate of about twenty miles per hour. Mrs. Rowley testified that after making the turn she did not look at the truck again until it struck the automobile; that for the reason that she did not think the driver of the truck was speeding, she made no effort to stop.

From the record, we conclude that the trial court directed the verdict for the plaintiff on the supposition that his automobile had the right of way by virtue of that part of the Pueblo ordinance reading, ''In the event one or more of two or more vehicles shall have entered an intersection, the one nearest the center of the intersection shall have the right of way.'' The case was tried before the announcement of our decision in *Hicks v. Cramer,* 87 Colo. 414, 288 Pac. 887, holding that part of the ordinance to be invalid.

After the plaintiff's automobile made the turn it proceeded east, thereby bringing it to the left of the truck as they approached each other. The truck, approaching from the right, had the right of way under that part of the ordinance reading, ''Of two or more vehicles ap-

proaching an intersection, the one approaching from the right shall have the right of way.'' *Boyd v. Close,* 82 Colo. 150, 257 Pac. 1079.

The court erred in directing a verdict for the plaintiff. The judgment is reversed, and the cause is remanded.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE MOORE concur.