## No. 14,791.

### BUERGER BROTHERS SUPPLY COMPANY *v*. DENVER FIRE REPORTER AND PROTECTIVE COMPANY.

(113 P. [2d] 671)

Decided May 5, 1941. Rehearing denied May 26, 1941.

Mr. C. E. WAMPLER, for plaintiff in error.

Mr. H. BERMAN, Mr. FRED N. HOLLAND, Mr. JOSEPH N. LILLY, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is an automobile accident case. Suit was instituted in a justice of the peace court by plaintiff to recover damages for injuries to its truck alleged to have been caused by the negligence of the driver of a car owned by defendant. Judgment was for defendant. On appeal to the county court a motion for nonsuit was interposed by defendant at the close of plaintiff's evidence which was sustained by the court. Appropriate judgment followed, to reverse which plaintiff brings the case here by writ of error.

It was stipulated that both parties are corporations, and that the driver of each car was regularly employed by its owner at the time of the accident. For convenience, reference will be made to the parties as plaintiff and defendant as they appeared in the court below.

A brief summary of plaintiff's testimony discloses that about 5:30 p.m., August 29, 1939, its employee, driving a Ford truck south on Broadway in the city of Denver, made a right-hand turn to go west on Champa street; that he proceeded on Champa street at the rate of about ten to fifteen miles an hour; that as he approached the intersection of Champa and 21st streets he kept looking to the right, because there was a building on the corner at his right which obstructed his vision; that his vision to the left was clear, but that he did not look to the left until he entered the intersection; that when he did look to the left he saw defendant's car entering the intersection and stepped on the accelerator in an attempt to avoid a collision but that

the increased speed was insufficient to cause his car to clear the intersection and it was struck on the left side at the rear portion thereof causing the damages of which complaint is made; that when the impact occurred the front wheels of his car were about three-fourths of the length of the car across the center line of the intersection in the right half of the highway.

Defendant, in support of its motion for a nonsuit, urged that plaintiff's driver was guilty of contributory negligence as a matter of law in not looking to the left before he entered the intersection, and the Court must have reached that conclusion, although he made no specific finding to that effect.

Plaintiff's principal contentions are: 1. There was no evidence of contributory negligence. 2. Assuming that there was, such negligence was not the proximate cause of the accident.

We think both positions are well taken. Section 65 (a) of the Denver traffic code—the so-called right-of-way rule—gives the right of way to the driver of any vehicle approaching from the right, and provides that "the driver of the vehicle on the left shall decrease the speed of the vehicle operated by him and have said vehicle under control before crossing such intersection." The Court in sustaining the motion for nonsuit, stated: "The defendant must have been in the intersection, because, the defendant, from the plaintiff's own testimony, had to travel nearly twice as far in the intersection as the plaintiff did, before the collision occurred." The Court does not indicate what testimony of the plaintiff caused him to arrive at this conclusion, and, even if there were such testimony, contributory negligence is not shown because, under the ordinance, plaintiff had a right to be where he was, and, at the time, owed no legal duty to yield the right-of-way to defendant. It is not stated in defendant's motion for nonsuit, or in the findings of the Court, if such they may be termed, that plaintiff's alleged contributory negligence was the proximate cause

of the collision and consequent damages. The physical fact that defendant's car struck the left rear of plaintiff's car at the time when the latter was practically over the intersection line certainly disproves the assumption of the trial Court that negligent driving on the part of plaintiff's servant was the proximate cause of the collision.

No further analysis of the testimony is necessary. We think that plaintiff, under the doctrine announced in *Golden Eagle Co. v. Mockbee,* 68 Colo. 312, 189 Pac. 850, and *Denver v. Henry,* 95 Colo. 582, 38 P. (2d) 895, made out a prima facie case, and that the motion for a nonsuit should have been overruled.

Judgment reversed and cause remanded.

Mr. Justice Burke dissents.

Mr. Justice Young and Mr. Justice Hilliard not participating.