## THOMASSON v. BURLINGTON TRANSP. CO.

### No. 2405.

Circuit Court of Appeals, Tenth Circuit.

May 19, 1942.

Rehearing Denied June 26, 1942.

Emmett Thurmon, of Denver, Colo., for appellant.

J. L. Rice, of Denver, Colo. (J. C. James and J. H. Cummins, both of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

William R. Thomasson instituted an action against the Burlington Transportation Company in the District Court of the United States for the District of Colorado to recover damages for personal injuries sustained by him in an automobile collision at the intersection of Eighteenth Street and Glenarm Place, in the City of Denver. At the conclusion of the evidence offered by plaintiff, the court instructed a verdict for the defendant. Judgment was entered thereon and plaintiff has appealed.

There is a conflict between the state law and the ordinances of the City of Denver defining the rights and duties of persons who approach a street intersection at right angles. Ch. 16, § 208, of the Colorado Statutes Annotated, 1935, provides:.

"(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"(b) When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

Ordinance No. 16 (Series of 1932), § 65(a), of the City of Denver, as far as material herein, provides: "Every driver of a vehicle approaching the intersection of a street shall yield the right-of-way at such intersection to the driver of any vehicle approaching from the right, and the driver of the vehicle on the left shall decrease the speed of the vehicle operated by him and have said vehicle under control before crossing such intersection, and it shall be his duty to yield the right-of-way to the vehicle on the right; . . ."

■ Plaintiff contends that where there is a conflict, as here, between the city ordinance and the state law, the former must give way and that the respective rights and duties of the parties are to be measured by the state law. The Supreme Court of Colorado does not sustain plaintiff in this position. In City and County of Denver v. Henry, 95 Colo. 582, 38 P.2d 895, 898, the Supreme Court said: "Our conclusion is that the right of way at street intersections in the city of Denver is controlled by the ordinance in question, not by the statute." The question of plaintiff's contributory negligence therefore must be measured by the requirements of the city ordinance of the City of Denver.

■ Eighteenth Street and Glenarm Place intersect at right angles. At the time of the accident, plaintiff was driving his automobile on Eighteenth Street and approached the intersection from a northwesterly direction. Defendant's bus was being driven along Glenarm Place, and approached the intersection from a southwesterly direction. Defendant's bus therefore appeared on plaintiff's right and had the right of way at the intersection. The duty which rested upon plaintiff as he approached this intersection under these

circumstances has been clearly defined by the Supreme Court of Colorado. In Golden Eagle Dry Goods Co. v. Mockbee, 68 Colo. 312, 189 P. 850, 851, the court, in interpreting the meaning of such an ordinance, said: "We think the right rule is that it is the duty of every driver when approaching a street intersection to use reasonable care to see whether there is likelihood of collision with any car approaching from the right, and, if there is, to yield to it the right of way, and to keep his car under such control that he can do so."

■ If, when plaintiff reached the crossing, conditions were such that it would raise a question in the mind of a reasonably prudent person whether he had time to cross in the face of a car approaching from his right, it was his duty to stop and yield the right of way to defendant.

Each street is 48 feet wide and has a 16-foot sidewalk on each side. Plaintiff testified that he approached the intersection of the street at an approximate speed of ten to twelve miles per hour; that as he came to the west sidewalk line, he looked to his right and saw defendant's bus about 125 to 130 feet away, approaching at a speed of fifteen miles per hour; that he proceeded into the intersection and looked to his left to observe traffic from that direction; that he then looked up and saw the bus coming at a speed of from twenty-five to thirty miles per hour and only approximately 25 feet away; that he then jammed on his brakes, and the crash occurred. He testified that he did not reduce his speed before he applied his brakes.

■ It must be borne in mind that estimates of distances and speeds are subject to a considerable margin of error, especially when formed on a moment's glance while approaching an intersection. All of this prompts a reasonably prudent person to stop before crossing an intersection in the face of an approaching car which has the right of way, unless it clearly appears that it is safe to cross. A reasonably prudent person takes no needless chances at a street crossing. The ordinance required plaintiff to reduce his speed when he entered the intersection. Notwithstanding that he saw a car approaching which had the right of way, only 130 feet away, and realizing, as he must have, that he might be in error both as to the distance and the speed of the car, nevertheless he drove into the intersection without

reducing the speed of his car, as the ordinance required, and paid no further attention to the approaching car that had the right of way until it was too late for him to stop, as he was required to do. It needs no extended discussion to support the conclusion that in the most favorable light of the evidence, plaintiff was guilty of contributory negligence as a matter of law.

While not much stress is laid on it in plaintiff's brief, one of the assignments of error relates to the doctrine of the last clear chance. Defendant's bus had the right of way. The driver had the right to assume that plaintiff would stop. Of course, if defendant saw plaintiff in a place of danger and could stop, it was his duty to do so. Under such circumstances it would be negligence for which defendant would be liable to fail to stop, notwithstanding that plaintiff was negligent in bringing about his peril. It is sufficient to say that there is no evidence in the record from which it can be concluded that defendant's bus driver saw the peril in which plaintiff had placed himself at a time when he could have stopped.

Affirmed.