No. 15,869.

STAHL *v.* COOPER.
(188 P. [2d] 894)

Decided January 12, 1948.

Messrs. WOLVINGTON & WORMWOOD, Mr. DONALD F. CLIFFORD, for plaintiff in error.

Mr. HAROLD B. WAGNER, Mr. CARL A. WYERS, for defendant in error.

MR. JUSTICE STONE delivered the opinion of the court.

THE parties appeared in reverse order in the trial court, and we shall refer to them as there appearing. Plaintiff and her husband, James F. Cooper, while walking north along the east side of Franklin street in the city of Denver, and crossing Sixth avenue shortly after noon on a clear day, were struck by a panel delivery truck being driven west on Sixth avenue by defendant's agent. Defendant here seeks reversal of unfavorable judgment below upon two grounds:

1. That plaintiff failed to sustain her burden of proof by proving negligence on the part of defendant. Under the facts disclosed by the record it appeared that neither plaintiff nor her husband saw or was aware of the approach of the truck which hit them or knew of the cause of their accident. The driver of the truck did not testify, and there was no eyewitness to testify as to the driver's negligence; however, there was other substantial evidence as to that fact, including evidence that plaintiff and her husband were crossing the highway within a crosswalk at the end of a block at an unregulated intersection with consequent right of way over defendant's truck, and there was evidence as to tire marks, distance traveled by the truck after the accident, damage to the truck, and injury to plaintiff and her husband, sufficient to support a finding of excessive speed, defective brakes, or careless driving. This evidence was sufficient to require submission of the issue of negligence to the jury.

2. That plaintiff was guilty of contributory negligence as a matter of law. Sixth avenue, where the accident occurred, is in the residential district, is approximately forty-two feet wide from curb to curb and carries two parallel streetcar tracks. Plaintiff and her husband testified that when they reached the south curb each looked carefully in both directions and saw no approaching traffic; that the pavement was uneven and required care in walking upon it; that they had crossed this street many times and that they took from twenty-five to thirty-five seconds of time to cross it; that after stepping off the curb neither again looked either to the right or to the left, and that they had crossed the second streetcar tracks and were within a few steps of the north curb line when the accident occurred. Whether it was the duty of plaintiff in crossing such a city street at such slow pace to continue to look with such degree of care as to see approaching traffic, and whether plaintiff was negligent in failing to look again for approaching cars before entering the lane of traffic north of the streetcar tracks, was a question of fact for the jury. The court could not say, in the absence of other evidence, that the accident was the natural and probable consequence of plaintiff's failure to look, and that had she looked it could have been avoided. "It is true the testimony for the plaintiffs is not very clear whether, after stepping onto Third avenue, Mrs. Olsen thereafter looked for approaching vehicles; but we cannot say, as a matter of law, that such was her duty. We have, time and again, said that one must, before undertaking to cross a street, look for approaching vehicles, but whether, after so doing and while making the crossing, he must again look, or continue to look, depends on many circumstances and conditions; such as the amount of traffic; the probability of there being approaching vehicles; whether the statutes or ordinances give him the right of way; whether other objects or things have attracted his attention. Manifestly this is a question for the jury."

*Olsen v. Peerless Laundry,* 111 Wash. 660, 191 Pac. 756. *Fabling v. Jones,* 108 Colo. 144, 114 P. (2d) 1100, differs essentially in that it was there positively established that plaintiff did not have the right of way, but was crossing the street in violation of an ordinance; that defendant was violating no ordinance, and that his car was plainly visible to plaintiff for more than three blocks, while she was only momentarily visible to defendant. In *Livingston v. Barney,* 62 Colo. 528, 163 Pac. 863, and in *Kracaw v. Micheletti,* 85 Colo. 384, 276 Pac. 333, the defendant had the right of way; hence plaintiff's relative obligation was greater.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE dissents.