No. 17,314.

ARCHER *v.* THE PEOPLE.
(269 P. [2d] 700)

Decided April 19, 1954.

Messrs. O'NEILL & O'NEILL, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the People.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, herein referred to as defendant, was named as defendant in an information which charged that he did on September 23, 1950 in Park County, Colorado "wilfully, knowingly, unlawfully and feloniously steal, take and carry away one neat cattle, to-wit, one calf of the value of $100.00, of the personal property, goods and chattels of Ben Schott and William F. Schott; * * *." Defendant entered a plea of not guilty. The verdict, returned on August 6, 1953, is as follows: "We, the jury, duly empaneled and sworn, find the defendant, A. A. Archer, guilty, as charged in the Information herein."

Defendant was sentenced to serve a term in the state penitentiary. Following denial of defendant's motion for a new trial, his counsel moved to set aside the verdict of the jury and the sentence imposed, on the ground that the jury did not in its verdict specifically fix the value of the property stolen, rendering the judgment and sentence void for uncertainty. This motion was overruled. Defendant's counsel bring the cause here by writ of error and urge that the evidence was insufficient to establish the guilt of defendant, and that the verdict itself was insufficient to sustain the sentence imposed.

To detail all the evidence in this case would unduly extend this opinion. Nine witnesses testified for the People and eleven witnesses were produced by defendant. Defendent relied on an alibi.

The trial court instructed the jury that the "material allegations of the complaint are as follows: (1) That A. A. Archer (2) on the 23rd day of September 1950, (3) in Park County, Colorado, (4) Did steal, take and carry away one calf, the property of Benjamin and William P. Schott, of the value of more than fifty dollars." In another instruction the jury was instructed that before defendant could be found guilty they had to find that he "did take and carry away one calf of the value in excess of $50," the personal property of Ben Schott

and William F. Schott and that he intended to convert the calf to his own use.

Much of the evidence introduced by the People was circumstantial. There is evidence in the record of statements allegedly made by defendant which may be construed as admissions of his part in the commission of the crime charged. The court carefully instructed the jury on the law relating to alibi and circumstantial evidence, and no objection is here made to any instruction given or refused.

██ A careful review of all the evidence discloses that there is evidence in the record on which the jury could find the defendant guilty as charged. True, this evidence was in many particulars disputed, but its value and probative force was for determination by the jury. Under instructions not here challenged that body resolved the issue against defendant.

Our holding in *Montez v. People*, 110 Colo. 208, 132 P. (2d) 970, is conclusive on the question presented regarding the verdict, and the fact that the value of the property stolen is not set forth in the verdict. On the trial there was no dispute concerning the value of the calf, the information alleged its value as $100, and this was not a controverted fact. Upon the trial, witnesses fixed the value of the calf at prices varying from $115 to $120. Defendant offered no evidence concerning value, and the People's witnesses were not cross-examined regarding the value of the calf.

██ In a criminal prosecution where the information sets out the value of the property unlawfully obtained or stolen, a general verdict of "guilty as charged in the information herein" is sufficient to support a sentence for grand larceny where the information alleges that the property stolen was of the value of $100 and there is uncontroverted evidence that its value exceeded the amount stated in the information.

We have carefully reviewed the entire record and conclude that defendant had a fair and impartial trial.

The issues of fact were resolved against him by the jury. No errors of law have been brought to our attention, hence we must affirm the judgment. It is so ordered.

MR. JUSTICE ALTER concurs in the result.