No. 18,314.

EVELYN BATES, ET AL. *v.* ALFRED WARD, SR.
(349 P. [2d] 991)

Decided March 7, 1960.

Mr. FRANCIS A. BENEDETTI, for plaintiffs in error.

Messrs. WOLVINGTON & CARLETON, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties are here in the same order they appeared in the trial court. We shall refer to them as plaintiffs or defendant.

Plaintiffs are five adult children of Mr. and Mrs. Guy Cope and brought this action under C.R.S. '53, 13-9-1, commonly known as the guest statute, and the wrongful death statute C.R.S. '53, 41-1-2. Following a jury trial a verdict was returned in favor of defendant, judgment was entered accordingly and plaintiffs are here on writ of error.

The complaint alleged that planitiffs' parents were killed in a one-car accident in February 1954; that "at the time the said Guy Cope and Julia Cope were killed they were guests in a passenger car owned and driven by the defendant, Alfred Ward, Sr." It was further alleged that the defendant "was at the time of the accident, operating his vehicle in a manner which consisted

of a willful and wanton disregard for the rights and property of the deceased Guy Cope and Julia Cope."

The day prior to the date on which the case was tried plaintiffs requested leave to file an amended complaint in which it was alleged that the deceased father of plaintiffs was an employee of the defendant at the time of his death. The trial court sustained defendant's objections to the filing of this amended complaint, observing "facts may arise in the trial of the case that still permit amendment of a complaint." In concluding plaintiffs' presentation of the evidence their counsel made an offer to prove by the testimony of one Frank Heady the following:

"The plaintiff at this time offers to prove —— that the defendant, Alfred Ward, Sr., placed unusual reliance and trust in the judgment of the deceased, Guy Cope; that he had in the past paid the deceased, Guy Cope, substantial sums for services rendered in the location of oil well sites, and that he, the defendant, had expressed himself that he would never drill a well at any site without the prior okay or approval of the deceased, Guy Cope. This evidence would be offered for the purpose of tending to prove that the deceased, Guy Cope, was an employee or a passenger for hire, at the time of his death, that he was on a trip for the benefit, substantial and material benefit, of the defendant, and that as such the plaintiffs are entitled to recover their damages proximately caused by the simple negligence of the defendant, as distinguished from willful and wanton negligence."

The offer was rejected. If, as stated, this evidence was offered for the purpose of "tending to prove that the deceased, Guy Cope, was an employee or a passenger for hire, at the time of his death * * *," it falls far short of proof that Guy Cope was either employed by defendant or was a passenger for hire, and was wholly insufficient to justify the filing of an amended complaint, or to amend the original complaint to

conform to the proof. The original complaint definitely set forth that Mr. and Mrs. Cope were guests of defendant. The amendment was a radical departure from the theory on which the action was instituted.

At the conclusion of plaintiffs' case defendant moved for a directed verdict in his favor on three grounds: (1) That the evidence did not show willful and wanton conduct on the part of defendant; (2) That no damages were proved; and (3) That there was no proof of heirship. This motion was denied.

The jury found that plaintiffs had failed to prove that the defendant's negligence, if any, consisted of "willful and wanton disregard" of the rights of Mr. and Mrs. Cope.

The accident which gave rise to this action occurred after dark on February 8, 1954. Defendant was driving on a graveled, hilly county road and the accident occurred at a dead-end intersection of that road with a north-south county road. The last crest, before entering the intersection, was a sharp rise and descent. No signs were posted along the road warning drivers of the dead-end point. When defendant drove over the last hill crest and his headlights revealed the closed street he applied his brakes and turned to the left to make the corner. The car slid off into a ditch, resulting in the death of plaintiffs' parents. The testimony disclosed that defendant was driving within the speed limits provided by the road upon which he was traveling. Defendant and Mr. and Mrs. Cope were good friends.

The jury having resolved the issues in favor of defendant it is unnecessary to consider other grounds urged as error by the parties. Suffice it to say that all the plaintiffs were married, were not dependent upon or receiving financial aid from their parents and the expenses of the funeral and incidental expenses were paid out of the decedents' estates. In this connection the rule set forth in *Denver & Rio Grande v. Spencer*, 27

Colo. 313, 61 Pac. 606 and *Rigot v. Conda,* 134 Colo. 375, 304 P. (2d) 629 is pertinent.

The judgment is affirmed.