No. 13,613.

KNAUS *v.* YODER.
(52 P. [2d] 1152)

Decided November 12, 1935.   Rehearing denied December 23, 1935.

1

2

Mr. FRED W. MATTSON, Mr. A. B. MATTSON, for plaintiff in error.

Messrs. RINN & CONNELL, Mr. ROBERT G. SMITH, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

Lois Yoder, defendant in error, brought this action by her next friends, against plaintiff in error, to recover damages for personal injuries resulting from an automobile collision between a car operated by plaintiff in error and one in which she was riding as a guest. Judgment was in her favor. Reference will herein be made to the parties as plaintiff and defendant.

It appears from the evidence that the accident occurred in Windsor, Colorado, October 26, 1933, while plaintiff and two other friends were returning from a football game with Clarence Winter, the owner and driver of a De Soto roadster. Plaintiff occupied the seat with the driver. On a street running east and west, the car was proceeding in a westerly direction about one half a block ahead of another car occupied by young ladies who testified for the plaintiff in the case. At a point about fifty feet east of an intersection at a north and south street, their car was struck by defendant's car, after it had turned from a northerly course into the street whereon the car in which plaintiff was riding was traveling. The evidence is clear, and practically admitted, that defendant made a wide, sweeping turn to the east at the intersection. The greater number of witnesses testified that he was traveling from thirty to thirty-five miles an hour at the time of making the turn. Defendant testified that he was driving a 1927 Buick brougham in a northerly direction and turned east at the intersection while traveling at about fifteen miles an hour, and that "when I made that turn going east, I was just about in the middle of that road there"; that the Winter car was on the wrong side of the road about two car lengths from him; that Winter attempted to get over to the north or right side of the street and the collision occurred. One witness for defendant testified that defendant turned at the intersection to the east and onto his right side of the street and that the Winter car was on the wrong side of the street.

Winter, corroborated by a number of witnesses, testified that he was driving about fifteen miles an hour and

was on the north or right side of the street; that defendant, while driving thirty to thirty-five miles an hour, made a wide sweeping turn, his car skidding on the turn over onto the north or wrong side of the street, and the collision occurred; that after the collision, the cars were about eighteen feet from the north curb line of a seventy-five-foot street.

The complaint alleged negligence, and the answer contributory negligence on the part of Winter, the driver of the car in which plaintiff was riding. As to the material facts in the case, the evidence is conflicting, but it is amply sufficient to sustain a finding against the defendant, and therefore the determination by the jury will not be disturbed if it was properly instructed. Defendant insists that the verdict is excessive. The judgment was for $8,750. That plaintiff received a severe and effective shock necessitating her going to a lower altitude is not seriously controverted. That she suffered lacerations and disfigurement of face, and injury to her nose and the nasal passages, also is not disputed. The extent of the injuries and their permanency are questions upon which there was a difference of opinion between physicians and surgeons testifying in the case. There is evidence that there are five visible scars on plaintiff's face, one of which is quite disfiguring, and that her nose is out of alinement; that her nose was broken and the bones displaced is undisputed; that there is an impairment of breathing and the ventilation of the upper nasal passages is undisputed; that this condition is progressive and likely to result in further disabilities, such as sinus difficulties, further obstructed ventilation, neuralgia, and trifacial neuritis, and these difficulties may or may not be aided by operations. That whether proposed operations would aid, or further disfigure and injure plaintiff is problematical and was one of the questions to which the medical testimony in the case was directed. To determine the amount that would fully compensate plaintiff was solely the province of the jury. It is evident that it believed this testimony favor-

able to plaintiff, and resolved the conflict in her favor. Its discretion was to be exercised in consideration of all the circumstances of the case, and unless the verdict, in its amount, clearly reflected prejudice or corruption and disclosed a result, other than that of honest deliberation, it will not be disturbed. It is one thing for us to consider our own measure of the damages to be determined from the evidence, and quite another to overturn the verdict of a jury, presumptively reached in fairness and honesty.

The only other error assigned to which we attach sufficient significance to be worthy of discussion, is the giving of instruction No. 3, which is as follows:

"The applicable Colorado statute provides: 'The driver of a vehicle intending to turn to the right at an intersection shall approach such intersection in the lane for traffic nearest to the right-hand side of the highway, and in turning shall keep as closely as practicable to the right-hand curb or edge of the highway.'

"Should you find from a preponderance of the evidence that at the time and place in question the defendant in turning at said intersection did not keep as closely as practicable to the right-hand curb or edge of said highway, and as a proximate result thereof the collision occurred on the side of the highway occupied by the Winter car, then this would constitute negligence as a matter of law on the part of the defendant."

Defendant contends that the statute quoted in the above instruction is not applicable to the facts in this case, in that it is a statute designed to apply to vehicles approaching and turning within an intersection, and designed to avoid congestion and confusion in the intersection; that it does not apply after the course required to be followed in approaching and using the intersection is taken, and does not apply after the car leaves the intersection. A further objection is made to this part of the instruction, "and as a proximate result thereof the collision occurred on the side of the highway occupied by the Winter car," in that this wording used by the court is an invasion of the prov-

ince of the jury in determining the position of the Winter car.

If it was established to the satisfaction of the jury—and apparently it was—that defendant violated the statute by the manner in which he made the turn or that he so carelessly and negligently operated his car in connection therewith as to disregard the rights of others using the street, and such was the proximate cause of the collision, then it is immaterial which side of the street Winter's car was on, so far as plaintiff is concerned. The negligence of Winter, if any, is not imputable to plaintiff, who had no control over his actions. If she had control, it was only to be exercised against a violation of the rights of others and not against the act of one who was violating such rights. One causing injury to a third person cannot escape the consequences of his own negligence and recklessness, by asserting negligence on the part of others. The liability of defendant, so far as plaintiff is concerned, is the same in this case, whether defendant's negligence was the sole cause of the injury or whether it was a cause concurring with the negligence of Winter, if any. Defendant, to escape liability, must first show that he was entirely free from negligence, in which event if plaintiff was injured by any negligence of Winter, the driver of her car, she could not hold defendant, a third party, responsible.

Even if defendant's statement of how the accident occurred be accepted as true, it does not alter the position of plaintiff. If Winter, the driver of the car in which plaintiff was riding, was negligent, and such negligence, (as defined in chapter 118, S. L. '31) concurred with that of defendant, with a resulting injury to plaintiff, then plaintiff could recover from either or both. That is primer law.

While the instruction as given is not a model to be followed, we cannot say that its effect was prejudicial to defendant. We feel that the statute quoted applied to the circumstances of the case, because the manner in

which the turn was made at or in the intersection had much to do with the cause of the accident, and so far as plaintiff is concerned, it makes no difference on which side of the street the jury believed the Winter car to be, if it followed the instruction. The wrong of Winter, if any, would not relieve defendant from liability to plaintiff, a guest in the former's car.

The judgment is affirmed.

MR. JUSTICE BOUCK dissents.