## No. 15,257.

BROTHERS, DOING BUSINESS AS AUTO INN GARAGE ET AL.
*v.* CHATFIELD.

(154 P. [2d] 46)

Decided December 4, 1944.

Mr. CHARLES R. HAYS, for plaintiffs in error.

Mr. FRANCIS R. HESSION, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE parties will be referred to herein as plaintiff and defendants as those positions were occupied by them in the county court.

Plaintiff brought an action in the justice of the peace court for damages to her automobile by reason of a collision at the intersection of Washington street and East Fourth avenue, in the City and County of Denver, with an automobile driven by Martin, an employee of Brothers.

On trial in the justice of the peace court, judgment was entered for defendants. Plaintiff appealed to the county court, where the case was tried without a jury, with the result that judgment was entered therein in favor of plaintiff, for the sum of $115.00 and costs. This writ of error is prosecuted to review the judgment of the county court.

■ The evidence discloses that plaintiff was driving east on East Fourth avenue, and defendant Martin was driving south on Washington street. Neither party was violating ordinances of the City and County of Denver respecting speed limits; the streets were slippery by reason of snow upon them. Plaintiff had the right of way (Section 65, Denver Municipal Traffic Code), and had it been yielded to plaintiff, the collision would have been avoided. Under these circumstances the defendants had the burden of reasonably explaining their negligence in failing to yield the right of way (*Kracaw v. Micheletti,* 85 Colo. 384, 276 Pac. 333), and had they done so, the county court could not have rendered judgment in favor of the plaintiff.

■ We have examined the record and in it find sufficient competent evidence to support the judgment of the county court, and, therefore, under oft announced decisions of this court, we will not disturb the same. This disposes of the first three of the four specifications of points.

■ The fourth specification is that the damages are

in excess of the amount proven. The undisputed evidence establishes that the repairs to plaintiff's automobile were made at a cost of $114.19 while the judgment was for $115.00. The maxim, "De minimis non curat lex" applies.

We note that counsel for the plaintiff has failed to observe the provisions of section 16, chapter 14, '35 C.S.A.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE KNOUS concur.