### No. 17,851.

KLEBERT PAUL RIGOT, AS ADMINISTRATOR, ETC., ET AL. *v.* WESLEY CONDA, ET AL.

(304 P. [2d] 629)

Decided December 10, 1956.    Rehearing denied December 31, 1956.

Mr. RAY A. GUNNING, Mr. W. E. McCARTHY, for plaintiffs in error.

Messrs. WORMWOOD, O'DELL AND WOLVINGTON, Mr. JOSEPH L. MORRATO, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties appear here in the same order as in the trial court, where plaintiffs in error were plaintiffs and defendants in error were defendants. We shall refer to the parties as they appeared in the trial court, or by name.

Plaintiffs' amended complaint sets forth two claims on

which recovery was sought, the first of which was to recover $1,713.00 on behalf of the administrator of the Alex Rigot estate for damage to an automobile, towage charges and funeral expenses. The second claim was by Klebert Rigot, Rose Ramsey and Norma Miller, children of Alex Rigot, to recover ten thousand dollars for the alleged wrongful death of their ancestor. Both claims were based upon alleged negligence of defendant Akins who on August 9, 1955, in the course of his employment, was driving defendant Conda's truck in a southerly direction on Hover road, and at the intersection of Hover road with Niwot highway a collision occurred between the truck and an automobile operated by Alex Rigot. It was alleged that the automobile was damaged and that Alex Rigot died as a result of the injuries by him sustained in the collision. By answer defendants admitted the accident; denied negligence on their part; denied that any damage was sustained by the plaintiffs or any of them, and alleged contributory negligence on the part of Alex Rigot. In addition a counterclaim was filed by defendants to recover $3,500.00 for damages to defendant Conda's truck.

Numerous witnesses testified on behalf of plaintiffs, and at the conclusion of their case counsel for defendants moved for a directed verdict in their favor. This motion was granted. Motion for new trial was dispensed with and plaintiffs bring the case here on writ of error.

The accident which gave rise to this litigation happened at the intersection of Niwot highway, a paved blacktop roadway, and Hover road, a graveled road. Akins was driving an International truck weighing 17,000 pounds and going in a southerly direction along Hover road. Alex Rigot was driving a Chevrolet automobile, weighing some 3400 pounds and was proceeding in a westerly direction along the paved Niwot highway. As a result of the collision between these two vehicles Alex Rigot suffered a skull fracture, a broken neck, crushed chest and fracture of the right femur. It amply

appears that the paved road along which Alex Rigot was driving was posted as a thru highway, except that at the intersection of the Niwot Highway and Hover road on the day of the accident there was no stop sign at the intersection for traffic proceeding in a southerly direction along Hover road.

When called as an adverse witness, defendant Akins stated that he was thoroughly familiar with the roadways in that vicinity, and he was asked if he did not know that the Niwot highway was a thru highway. An objection to this inquiry was sustained by the court. It appears from the record that at one time a stop sign was in place for traffic going southerly along Hover road where it intersected the Niwot highway. The trial court erred in sustaining the objection to the inquiry as to whether or not Akins knew that Niwot highway was a thru thoroughfare.

The testimony discloses that Alex Rigot, a man some fifty-two years of age, was driving the Chevrolet car at a speed variously estimated from 50 to 60 miles per hour prior to the collision. It also appears that Mr. Rigot waved at a young woman sitting on a porch some distance down the road, and also waived at a passing automobile driver shortly before the collision. The vision to the right along the Niwot highway, for auto drivers going west, was obscured to a degree by trees, bushes and weeds along the roadway. These same obstructions likewise interfered with the vision of those driving vehicles south along Hover road.

At the conclusion of plaintiffs' case counsel for defendants moved for a directed verdict in favor of defendants because plaintiffs had not shown "any evidence of negligence which was the proximate cause of this accident," and in the event that the court should "feel there is any evidence whatsoever of negligence on the part of defendants then we move for a judgment of dismissal * * * on the ground that the evidence as produced by the plaintiffs discloses that the deceased was guilty of contribu-

tory negligence as a matter of law, which would preclude recovery by the plaintiffs."

In ruling on the motion the trial court said: "There has been a showing here as a legal conclusion and a showing of facts from which only one conclusion can be drawn, that is, that the negligence of the defendant, and circumstances and facts indicate there was negligence, but that that negligence of the defendant was not the sole cause, sole proximate cause of this accident; that there was contributory negligence shown as a matter of law, and therefore, for that reason, the motion of plaintiff must be granted and the jury so instructed." [The court corrected this ruling by stating: "Defendants' Motion to dismiss must be granted."]

When the trial judge addressed the jury and directed a verdict in favor of defendants he said among other things: "There cannot be a recovery because of the contributory negligence, as a matter of law, on the part of the driver of the Chevrolet, Alex Rigot, as well as upon the driver of the truck. Where there is negligence on the part of one party only, and that is the sole proximate cause of the accident then recovery may be had, but if there is any contributory negligence by the other party also, then recovery cannot be had."

It is admitted by counsel for defendants: "* * * that the question of defendant's negligence should have been submitted to the jury if Alex Rigot had not been guilty of contributory negligence as a matter of law."

In substance, plaintiffs' counsel here contend that there is no evidence in the record from which an inference can be drawn that Alex Rigot was negligent; and assuming that there is such evidence in the record from which such an inference could be drawn, the trial court should have submitted the issues to the jury for determination.

■ Viewed in the light most favorable to plaintiffs, can it be determined from this record, as a matter of law,

that Alex Rigot was guilty of contributory negligence? We think not.

Where one fails to exercise due care, even though he has the right of way, and his failure in that respect contributes to the occurance of the collision, he may not successfully maintain an action. *Hicks v. Cramer,* 85 Colo. 409, 277 Pac. 299. Such is the universal rule, but we are still faced with the question in this case: What evidence is there in this record, viewed in the light most favorable to plaintiffs, showing as a matter of law, that Alex Rigot was contributorily negligent?

It is urged by counsel for defendants that this case is controlled by our holding in *Bennett v. Hall,* 132 Colo. 419, 290 P. (2d) 241. Not so. Even a casual reading of that case discloses an entirely different state of facts. We quote from page 425 of the opinion: "Plaintiff's failure to guard against the probability of the eventuality concerning which he expressed apprehension certainly furnishes ample ground for a conclusion that he was contributorily negligent.

"Assuming that a finding that plaintiff was also negligent and that his failure to use due and proper care under the circumstances finds firm support in the record, should that question have been submitted to the jury for determination? Ordinarily, yes, since questions of reasonable care, due regard and prudence are involved, and it would certainly be for the jury should there be conflict in the evidence or where, from the evidence, the minds of reasonable men might properly and conscientiously reach different conclusions. Under the circumstances portrayed by this record is this such a case? We think not."

In *Bennett v. Hall,* supra, the plaintiff admittedly saw the defendant's car as it approached the intersection where the collision occurred. He said he saw that car when it was some four or five car lengths from the highway on which plaintiff was driving, and at a time when he, plaintiff, was some 500 to 600 feet distant

from the intersection. He further testified: "I didn't take my eyes off of it but watched it as it approached the highway." Plaintiff also testified that at a distance of about 300 feet "I asked the fellows who were with me what this fellow was going to do." He also said he was concerned with whether Hall [defendant] was going to stop before entering the main highway. Nevertheless Bennett continued at a rapid speed and when 125 feet distant, saw the Hall car cross the highway; applied his brakes but was unable to avoid striking the Hall automobile. This evidence was corroborated by other witnesses for plaintiff.

In the instant case there is no evidence that Alex Rigot saw the defendants' truck as it approached the highway and a careful examination of the records fails to disclose any facts which are remotely like the facts in the Bennett case.

It cannot be said that because Alex Rigot waved at the young lady on her porch and the automobile driver who passed on the highway that the minds of reasonable men could only come to one conclusion, that Alex Rigot was contributorily negligent. *Patterson v. Becker,* 122 Colo. 258, 222 P. (2d) 780; *Seward v. York,* 124 Colo. 512, 239 P. (2d) 301; *Schell v. Kullhem,* 127 Colo. 555, 259 P. (2d) 861.

In the absence of contributory negligence on the part of Alex Rigot save what counsel for defendants claim is conclusively shown by Mr. Rigot's waving at two parties while traveling along the paved highway, we must hold that contributory negligence as a matter of law was not established.

With reference to the second claim in plaintiff's complaint, on behalf of the three children of deceased to recover for the wrongful death of their father, we need only refer to the leading cases in this jurisdiction, *Pierce v. Conners,* 20 Colo. 178, 37 Pac. 721; and *Denver & Rio Grande R. Co. v. Spencer,* 27 Colo. 313, 61 Pac. 606. There must be some basis upon which to predicate a finding of

substantial pecuniary loss on the part of the children who sue in the second claim. We find no evidence in the record upon which a judgment in their favor could be predicated. The trial court properly sustained the defendants' motion for a directed verdict on the second claim.

█ It is here urged, even though it was not a part of defendants' motion for a directed verdict that no damages were proven. Under the evidence as it appears in the record, the jury might have returned a verdict in favor of the administrator of the Rigot estate for the funeral bill and also for a nominal amount for damages to the Chevrolet automobile. The fact that Alex Rigot carried burial insurance cannot inure to the benefit of defendants.

█ We observe no error in the trial court's ruling on opinion evidence sought to be elicited from law enforcement officers concerning the the speed at which the respective vehicles were being driven. No sufficient facts were shown on which these witnesses could base such an opinion and had they been permitted to express an opinion it would have been mere conjecture or speculation on their part.

The judgment of the trial court dismissing the claim of the Administrator of the Estate of Alex Rigot is reversed; the judgment of dismissal of the claim of the individual defendants for the alleged wrongful death of their father is affirmed. The cause is remanded for a new trial on the first claim stated in the amended complaint.