No. 18,048.

KENDALL TRANSPORTATION COMPANY, ET AL. *v.*
LEONARD JUNGCK.
(316 P. [2d] 1052)

Decided October 28, 1957.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, for plaintiffs in error.

Mr. PETER J. LITTLE, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiffs in error as defendants or by name, and to defendant in error by name.

Leonard Jungck brought the action in the trial court to recover damages for personal injuries and property loss allegedly sustained by him in an automobile collision. The accident occurred about 6:45 P.M. February 2, 1953, at the intersection of South Santa Fe Drive and West Iliff avenue in Denver.

In their answer defendants denied that there was any negligence on their part and alleged contributory negligence on the part of Jungck. Trial was to the court and resulted in the entry of judgment in favor of Jungck in the sum of $1,892.25. Defendants, seeking review of the judgment, bring the cause to this court by writ of error. They assert as grounds for reversal that: (1) The undisputed evidence established contributory negligence as a matter of law; and that (2) there is no dispute in the evidence as to any material fact, and therefore this court is not bound by the conclusion of law made by the trial court.

At the time of the accident Jungck was driving a 1950 Chevrolet Club Coupe south on Santa Fe Drive at a speed of about forty miles per hour. Santa Fe Drive in this area was sixty feet wide. It was designated a through street north and south and was divided into two lanes north and two lanes south. He was approaching the intersection of South Santa Fe Drive and West Iliff avenue. Defendant John Nelson was driving a Kenworth tractor-trailer sixty feet in over-all length. He was traveling east on Iliff avenue and stopped for the "stop" sign at the west edge of Santa Fe Drive so that he could watch the through traffic to the north and south. He looked to his left and saw the headlights of Jungck's car about a block away to the north on Santa Fe Drive. He also saw a car approaching from the south. He then started up his tractor-trailer at five or six miles per hour intending to make a left turn from Iliff into Santa Fe and proceed northward. At a point twelve feet east of

the west curb line of Santa Fe, his tractor was struck on the left side by Jungck's car which was coming south in the right lane. The impact was between the front of the coupe and the left side of defendant's tractor just behind the cab door. The trailer had not yet pulled out into Santa Fe Drive.

Question to be Determined.

*Was contributory negligence on the part of Jungck established as a matter of law?*

■ The question is answered in the negative. Defendants in their brief stress their assertion that, "the negligence of which the plaintiff was guilty was his failure to keep a proper lookout." They rely upon the rule stated in *Denver Equipment Company v. Newell,* 115 Colo. 23, 169 P. (2d) 174, as follows:

" 'Though one is given the right of way by a regulation, it remains his duty to exercise reasonable care to avoid collisions with other vehicles. He cannot proceed across an intersection without any regard to the presence of other cars. * * * ' Vol. 3-4, Huddy, Cyclopedia of Automobile Law (9th ed.), p. 278, §154."

The same opinion also includes the following which is equally important:

"The undisputed evidence offered by plaintiff's driver clearly and conclusively establishes that when he approached the intersection of Thirty-second avenue and Steele street he had an unobstructed view of the latter, both to the right and to the left. He did not look to the left. Whether, under such circumstances, he exercised the care and caution required of a careful and prudent driver, was a question of fact for the jury, and if it should determine that he did not exercise that degree of care and caution, it was for it to say whether, by failing to do so he was guilty of negligence which was the proximate or contributing cause of the damage."

Defendants also rely upon the recent case of *Bennett v. Hall,* 132 Colo. 419, 290 P. (2d) 241, in which the

plaintiff was on a through highway and was held by this court to be guilty of contributory negligence as a matter of law. That decision was by a divided court with two judges not participating and the result there obtained, to say the least, strained to the utmost the generally accepted rule that this court will not disturb the findings of court or jury on the question of whether the conduct of a plaintiff was such as to amount to contributory negligence. The rule applied in the case of *Bennett v. Hall,* supra, should not be extended to apply to actions in which the facts are at variance with the particular circumstances shown to be present in that case. *Rigot, Adm'r. et al. v. Conda, et al.,* 134 Colo. 375, 304 P. (2d) 629. For authorities to the effect that the question of contributory negligence, in actions comparable to the instant case, is one for the jury, or for the trial court sitting without a jury, see *Prentiss v. Johnston, et al.,* 119 Colo. 370, 203 P. (2d) 733; *Markley v. Hilkey Bros.,* 113 Colo. 562, 160 P. (2d) 394; *Woods v. Siegrist,* 112 Colo. 257, 149 P. (2d) 241; and *Rigot v. Conda,* supra.

■ Upon consideration of the record before us we cannot say that the trial court was obligated, as a matter of law, to find that Jungck was guilty of contributory negligence. It is sufficient to say that the evidence is in conflict with relation to lighting at the intersection, obstruction of vision, pertinent time intervals, distances and measurements bearing upon the angle of visibility, and other particulars.

The trial court made precise and logical findings based upon such factual conflicts and inferences to be drawn therefrom. These findings and the judgment entered thereon will not be disturbed on review.

The judgment is affirmed.

Mr. Justice Knauss not participating.