## No. 18,194.

### OLIVER T. CLIBON *v.* GLENN M. WAYMAN.
(327 P. [2d] 283)

Decided June 23, 1958. Rehearing denied July 21, 1958.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, for plaintiff in error.

Messrs. AMAN & ENOCH, Messrs. RECTOR & KANE, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was the defendant and defendant in error was plaintiff in the trial court, and we will refer to the parties as they there appeared.

Defendant seeks reversal of a judgment entered against him in the amount of $4122.55 as a result of a jury verdict in favor of the plaintiff in an action arising out of an automobile collision. The defendant admits negligence and assigns only one point of error, namely that the court should have ruled that the plaintiff's actions amounted to contributory negligence as a matter of law and therefore he was barred from recovery.

The record discloses no serious factual dispute.

Defendant, for the purpose of this proceeding on error, admits that the evidence warrants a finding of negligence per se on his part in that he failed to yield the right of way. Plaintiff, on the other hand, appears to have been so inattentive and careless that he did nothing and made no effort to avoid the accident. The defendant was the only one who did. He applied his brakes, swerved to avoid the impact, and came to a complete stop at the point of impact, In contrast, the plaintiff drove into the intersection at an admitted speed of 25 miles per hour with his view obstructed by a wall over which it was difficult to see, and he testified he didn't see the defendant's car. He violated a city ordinance providing that it is unlawful for the driver of a vehicle to drive the same at a speed exceeding the following:

"Fifteen miles an hour when approaching within fifty feet and in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection, he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection for a distance of two hundred feet from such intersection."

Such conduct is negligence per se and negligence as a matter of law.

■ In addition to the speed of 25 miles per hour, plaintiff testified that he revisited the scene of the accident and that he was able to see in the direction from which the defendant came for a distance of 100 feet or more before he entered the intersection. Yet he did not see the defendant at any time until the moment of impact. The physical facts show, and plaintiff admits, he did not apply his brakes or make any effort to slow his car or bring it under control so as to be able to avoid the collision. As this court has said many times, most recently in *Werner v. Schrader,* 127 Colo. 523, 258 P. (2d) 766:

"Our Court has repeatedly held that, for a person to look in such a manner as not to see what must plainly be visible, is of no more effect than if he does not look at all. We said in *Fabling v. Jones,* 108 Colo. 144, 114 P. (2d) 1100: 'To have looked in such a manner as to fail to see what must have been plainly visible was to look without a reasonable degree of care and is of no more effect than if she had not looked at all.' See, also, *Brickey v. Herring,* 96 Colo. 181, 41 P. (2d) 298; *Aaron v. Wesebaum,* 114 Colo. 61, 162 P. (2d) 232.

"The failure of a driver to maintain a proper lookout and to see what he could and should have seen on approaching or traversing a street intersection, may constitute negligence as a matter of law."

■ Plaintiff urges that he had the right of way in

the instant case. This court has repeatedly stated that although one may have the right of way he is not absolved from a duty to exercise reasonable care. Moreover it has been held that a driver who does not have the right of way is entitled to assume the car on his right is not approaching at a negligent rate. See *Golden Eagle Dry Goods Co. v. Mockbee,* 68 Colo. 312, 189 Pac. 850; *Campion v. Eakle,* 79 Colo. 320, 246 Pac. 280; *Parker v. Ullom,* 84 Colo. 433, 271 Pac. 187; *Hicks v. Cramer,* 85 Colo. 409, 277 Pac. 299; *Denver Equipment Company v. Newell,* 115 Colo. 23, 169 P. (2d) 174.

 The police diagram and oral testimony show that while the defendant came to a complete stop at a point of impact after laying down skid marks for 30 feet, plaintiff failed to see defendant approaching the intersection, either through carelessness or because of the obstruction, did not apply his brakes and entered the intersection at a speed of 25 miles an hour in violation of the city ordinance. This, we are persuaded, was contributory negligence as a matter of law. The trial court should have directed a verdict for defendant.

The judgment is reversed and the cause remanded with directions to dismiss the complaint.

MR. JUSTICE SUTTON does not participate.

On rehearing MR. JUSTICE FRANTZ, formerly concurring now dissents.