No. 19,136.

JOHN LYLE KUHN *v.* RUTH E. FRAZIER.
(361 P. [2d] 363)

Decided April 17, 1961.   Rehearing denied May 8, 1961.

Messrs. Wormwood, O'Dell and Wolvington, Mr. Raymond Duitch, for plaintiff in error.

Mr. George M. Gibson, for defendant in error.

*En Banc.*

Mr. Justice Doyle delivered the opinion of the Court.

Plaintiff in error was defendant in the trial court and seeks review of a judgment based on a jury award to defendant in error, who was plaintiff below. The parties will be referred to as they appeared in the trial court.

The case arises from an automobile collision which occurred at the intersection of Willamette, an east-west street, and Custer, a north-south street, in the City of Colorado Springs. Just prior to the collision, defendant

had been proceeding west on Willamette. Plaintiff had been parked on the west side of Custer Street headed south. She emerged from a house, got into her car, pulled around a parked car which had been in front of hers and proceeded south toward Willamette Street. She stopped at the Custer-Willamette intersection, looked to the left and right and pulled into the intersection, traveling in second gear at approximately 10 miles per hour. She was struck broadside by the automobile of defendant. She testified that she did not see defendant's vehicle. At the trial, defendant testified he had been driving between 20 and 30 miles per hour. However, he previously told the investigating officer that his speed had been 30 miles per hour.

The northeast corner of the intersection in question is described by the police officer witness as "blind," the view of a driver to his right proceeding west on Willamette Street being obstructed during the last 50 feet of his approach. This is due to the fact that there is a 3-foot terrace which extends to the sidewalks on both Custer and Willamette Streets. There are trees on both the terrace and the parkway. Willamette carries considerable traffic; however, the intersection is not controlled by signal lights or stop signs. The point of impact was fixed at 15 feet south of the north curb line of Willamette and 24 feet east of the west curb line of Custer.

Defendant's car left 21 feet of skid marks which started before he entered the intersection. The right of way ordinance introduced and relied on by the plaintiff gives the right of way to the vehicle on the right. The speed limit on Willamette Street was shown to be 30 miles per hour, but the particular intersection was interpreted by the investigating officer as requiring a speed limit of 15 miles per hour, being an obstructed one in which the driver does not have a clear and uninterrupted view for a distance of 50 feet approaching the intersection.

Defendant predicates error on the failure of the trial court to direct a verdict in his favor. He claims first that he was not shown to have been guilty of negligence; that the ordinance which awards the right of way to the person on the right contemplates two vehicles approaching an intersection; that in the present instance, plaintiff's vehicle was not approaching in that it was stopped and consequently defendant was not shown to have taken the right of way. Defendant's second contention is that, assuming negligence on his part, the plaintiff was guilty of contributory negligence as a matter of law which bars her recovery. Defendant argues:

"* * * The law is that to look and fail to see what must be plainly visible and had to be there is the same as not looking at all, and, therefore, one is guilty of contributory negligence as a matter of law in doing that. Further the evidence shows that the plaintiff, who is in a place of safety, left that place of safety and pulled out directly in front of a car which was proceeding in a westerly direction at which the plaintiff claims was an excessive rate of speed. Further, that the plaintiff made no attempt to avoid this accident in any way; * * *"

Defendant thus argues that the undisputed evidence establishes plaintiff's contributory negligence to an extent that reasonable minds could not differ, thus rendering the question one of law. Our inquiry is therefore limited to whether the facts point indisputably to this one conclusion.

There was sufficient evidence of defendant's negligence to warrant submission of the case to the jury. The plaintiff had the right of way and the defendant clearly failed to yield it to her, or even attempt to do so. Defendant was shown to have been driving substantially in excess of the 15 miles per hour limit applicable to obstructed corners. Therefore, the sole issue in the case is whether plaintiff must be adjudged contributorily negligent and whether her conduct was the

proximate cause of the collision so that the court was required to direct a verdict for defendant or enter judgment notwithstanding the verdict.

■ Defendant testified at the trial that the plaintiff's vehicle was just entering the intersection when he first saw it. His attention was called to a prior statement made in a deposition in which he said that plaintiff's vehicle was a car length and one-half through the intersection when he first saw it. He tried to reconcile this at the trial by saying:

"I imagine probably from the time that I seen her, by the time I got my foot on the brake it was that far into the intersection."

Thus defendant is shown to have failed to anticipate the presence of plaintiff notwithstanding his obstructed view; and failed to avail himself of an opportunity to discover her presence, while driving at a speed which precluded his avoiding the collision.

An important factor bearing on the issue of contributory negligence is the relative speed. Defendant was moving 30 miles per hour or 44 feet per second. The plaintiff was traveling one-third that distance per second. She had stopped as a result of the obstructed view to her left and had moved forward at a cautious rate of speed. The disparity in the respective speeds could account for the failure of plaintiff to see the defendant's vehicle, even though she looked to her left. So considered, plaintiff's conduct is consistent with reasonable prudence.

The case of *Clibon v. Wayman,* 137 Colo. 495, 327 P. (2d) 283, relied on by defendant, is distinguishable on its facts. There the plaintiff not only failed to look efficiently but also drove into an intersection at 25 miles per hour notwithstanding that it was obstructed. He was shown to have violated the identical ordinance which the defendant here is shown to have violated by exceeding the 15 miles per hour limit applicable to ob-

structed approaches to intersections. It was there said:

"Such conduct is negligence per se and negligence as a matter of law."

*Werner v. Schrader,* 127 Colo. 523, 258 P. (2d) 766, *Aaron v. Wesebaum,* 114 Colo. 61, 162 P. (2d) 232 and *Fabling v. Jones,* 108 Colo. 144, 114 P. (2d) 1100, are even less applicable. In *Werner* and *Aaron* the defendant was on the right and the plaintiff failed to yield thus rendering plaintiff guilty of negligence per se. In *Fabling,* the plaintiff, a pedestrian, walked into the path of an oncoming car. The cliches expressed in those cases, that to look and fail to see what is plainly visible or to leave a place of safety in favor of a place of danger "without giving reasonable heed to the consequences" constitutes negligence, do not apply to the situation before us. They cannot be transplanted into the instant fact situation to relieve the defendant of the consequences of his palpable negligence.

Contrary to defendant's contention, our decisions have not held that the failure to see an oncoming automobile invariably constitutes negligence as a matter of law. In *Denver Equipment Co. v. Newell,* 115 Colo. 23, 169 P. (2d) 174, it was held that the failure of plaintiff, having the right of way and an unobstructed view, to look to the left furnished *evidence* of his contributory negligence which warranted submission of the issue to the jury. In that case it was said:

"In the instant case plaintiff's driver had, as we have said, the right of way, notwithstanding which he could not rightfully, by virtue of it, proceed blindly and, relying upon the right, wholly disregard automobiles approaching from his left. The undisputed evidence offered by plaintiff's driver clearly and conclusively establishes that when he approached the intersection of Thirty-second avenue and Steele street he had an unobstructed view of the latter, both to the right and to the left. He did not look to the left. Whether, under such circumstances, he exercised the care and caution

required of a careful and prudent driver, *was a question of fact for the jury,* and if it should determine that he did not exercise that degree of care and caution, it was for it to say whether, by failing so to do, he was guilty of negligence which was the proximate or contributing cause of the damage." (Emphasis ours.)

In a very early case the question was considered one of fact. See *Golden Eagle Dry Goods Co. v. Mockbee,* 68 Colo. 312, 189 Pac. 850.

A comparable question was presented in *Kendall Transportation Co. v. Jungck,* 136 Colo. 339, 316 P. (2d) 1052. There the plaintiff had been driving south on Santa Fe Drive, a through street. The defendant truck driver observed the stop sign, entered Santa Fe Drive and was struck on the left side by plaintiff. In urging reversal of a judgemnt in favor of plaintiff, the Kendall Company argued that plaintiff's contributory negligence was a question of law which should not have been submitted to the jury. This was the question posed in the opinion of Mr. Justice Moore. In holding that the question was one of fact, the Court observed:

"* * * For authorities to the effect that the question of contributory negligence, in actions comparable to the instant case, is one for the jury, or for the trial court sitting without a jury, see *Prentiss v. Johnston, et al.,* 119 Colo. 370, 203 P. (2d) 733; *Markley v. Hilkey Bros.,* 113 Colo. 562, 160 P. (2d) 349; *Woods v. Siegrist,* 112 Colo. 257, 149 P. (2d) 241; and *Rigot v. Conda,* supra.

"Upon consideration of the record before us we cannot say that the trial court was obligated, as a matter of law, to find that Jungck was guilty of contributory negligence. It is sufficient to say that the evidence is in conflict with relation to lighting at the intersection, obstruction of vision, pertinent time intervals, distances and measurements bearing upon the angle of visibility, and other particulars."

There are numerous variations in the cases treating of the present problem, wherein two possible infer-

ences may be drawn, one establishing contributory negligence, and the other freedom from contributory negligence. These hold that the question is for the jury. See, in addition to the cases cited in *Kendall,* supra, *Knaus v. Yoder,* 98 Colo. 1, 52 P. (2d) 1152; *Stocker v. Newcomb,* 91 Colo. 479, 15 P. (2d) 975; *Brothers v. Chatfield,* 113 Colo. 7, 154 P. (2d) 46. Cf. *Bauserman v. White,* 108 Colo. 101, 114 P. (2d) 557.

■ In the case at bar, it was possible for the jury to conclude that the plaintiff was not guilty of negligence and that her conduct was not the proximate cause of the collision. She had the right of way but nevertheless stopped and looked. She proceeded at a prudent rate of speed. From these facts the jury could reasonably conclude that the collision was the product of defendant's excessive speed and lack of concern for any vehicle which might be to his right. Traveling 44 feet per second, defendant could well have consumed the area of reasonable clearance previously observed by the plaintiff before she proceeded into the intersection. The jury may have concluded that plaintiff had a clearance when she looked and that she entered the intersection without anticipating the negligent conduct of defendant, which she was not required to foresee.

■ Finally, it is important to note that every possible theory of plaintiff's negligence was submitted to the jury in the trial court's instructions. For example, the jury was instructed that one having the right of way nevertheless is not absolved from the exercise of reasonable care and that to look in such a manner as to fail to see that which was plainly visible constitutes a failure to exercise reasonable care. In a further instruction, the jury was told that if it found that the plaintiff deliberately drove from a place of safety into a path of danger without giving reasonable heed to possible consequences, her conduct would be contributory negligence. It seems clear, therefore, that the factual and legal theories of the defendant were fully presented and considered.

Being of the opinion that the question was one of fact for the jury to determine under proper instructions, we conclude that the trial court was correct in its ruling.

The judgment is affirmed.

Mr. Justice Day dissents.

Mr. Justice Day dissenting:

If a simple factual situation, presented without dispute, such as contained in this record, can be said to be such a case as to warrant submission thereof to the jury, then I can perceive no case from this date in which a trial judge can render a decision as a matter of law in an automobile negligence case. In an attempt to justify the classification of this case among those presenting a jury question, the majority opinion by judicial fiat gives an explanation which this plaintiff never gave in her testimony before the jury as to why she did not see the defendant's car.

The majority opinion — not the evidence or any testimony in the case — says that the speed of the defendant could have placed him so far away from the intersection as to account for plaintiff not seeing the defendant. But this does not line up either with the plaintiff's testimony or the photographic evidence produced in this case. The plain fact of the matter is that the plaintiff said that she didn't see the car at any time and admitted that even to the day of the trial she didn't have the slightest idea as to who or what hit her except from information supplied by the defendant himself and the officers investigating the accident. Plaintiff testified that she was familiar with the intersection and with the cross street which she was approaching and that she knew it to be a busy one. Although it was not a "through" or "stop" street, she said she stopped anyway, or at least executed what is familiarly known as the "California stop" wherein one keeps the car rolling slowly and does not come to an absolute stop. She claimed she looked to the left and

to the right, and, in support of her powers of observation, testified that she could see so well that she observed a bus crossing a street two blocks to the right. She at one time said she could see three blocks to her left, but changed that to two blocks. If her view was obstructed at all, it was well before she reached the area that would be designated as a crosswalk. From the place where the three foot terrace slopes to the sidewalk, there is not only the width of the sidewalk itself but a parking area of the normal proportions, and then there was an additional fifteen feet of the street, all of which she traversed before reaching the point of impact.

The majority opinion stresses the fact that plaintiff stopped and that she proceeded slowly. It glosses over, by simply ignoring it, the fact that she didn't see. By both stopping and proceeding slowly it would be thought that the necessity thereof would be to give her a better opportunity to view the situation at hand. Yet blindly (she might just as well put on a blindfold) she proceeded into the intersection. Although the defendant, trying to avoid the collision, laid down twenty-one feet of skid marks, plaintiff didn't observe his immediate presence, the immediate hazard involved, and she did not, as she well could have, stop short of the point of impact. Why? Because *she* didn't see anything to stop for.

The majority opinion labels defendant's negligence as palpable. This we doubt in view of his stopping at the point of impact and making some effort to miss this car crawling slowly into his path. His negligence is nevertheless admitted. There isn't any doubt about it. However, in *Kracaw v. Micheletti,* 85 Colo. 384, 276 Pac. 333, the defendant Micheletti was going at a flagrant rate of speed — not present in this case — and although he was on the right and not the left, nevertheless, by reason of his speed the right of way which the ordinance would ordinarily have given him was lost to him. In that case, because the plaintiff Kracaw did not sufficiently ob-

serve the Micheletti car and failed to do the things for her own protection that were dictated by the circumstances, the court held that the plaintiff could not recover as a matter of law. Here is the apt language, which by citation of the Kracaw case in other cases was, until today, I thought, the law:

"* * * An automobile driver does not perform his duty if he merely looks to the right. The look must be accompanied by reasonable thought and judgment, otherwise there would be no reason for the duty. One could, in effect, drive the streets blindfolded and still be absolved from his own negligence. No reasonably prudent person in plaintiff's position would have failed to recognize the fact that defendant's car was approaching at an excessive and negligent rate of speed. Plaintiff cannot be heard to say that she failed to recognize the speed of defendant's automobile. She has wholly failed to explain her own negligent act and to maintain the burden of proof. The law applied is in consonance with *Livingston v. Barney,* 62 Colo. 528, 163 Pac. 863; *Rosenbaum v. Riggs,* 75 Colo. 408, 225 Pac. 832; *Golden Eagle Dry Goods Co. v. Mockbee,* 68 Colo. 312, 189 Pac. 850, and *St. Mary's Academy v. Newhagen,* 77 Colo. 471, 238 Pac. 21."

Failure to see to the right was declared negligence as a matter of law barring plaintiff's recovery in the following cases: *McLennon v. Whitney-Steen Co., et al.,* 63 Colo. 568, 167 Pac. 771; *Brickey v. Herring,* 96 Colo. 181, 41 P. (2d) 298; *Fabling v. Jones,* 108 Colo. 144, 114 P. (2d) 1100; *Aaron v. Wesebaum,* 114 Colo. 61, 162 P. (2d) 232; *Werner v. Schrader,* 127 Colo. 523, 258 P. (2d) 766.

Failure to look or to see what was plainly visible to the left barred recovery as a matter of law in *Denver Equipment Co. v. Newell,* 115 Colo. 23, 169 P. (2d) 174; *Clibon v. Wayman,* 137 Colo. 495, 327 P. (2d) 283.

Failure to see what was plainly visible ahead was declared to be negligence as a matter of law. *Ridenour*

*v. Diffee,* 133 Colo. 467, 297 P. (2d) 280; *Union Pacific v. Cogburn,* 136 Colo. 184, 315 P. (2d) 209.

Oddly enough, in the Denver Equipment Co. case containing dicta, quoted in the majority opinion, the court said unequivocally that the plaintiff could not recover. The question of plaintiff's contributory negligence was never submitted to the jury and the case states in strong language that it was the duty of the court to render judgment in favor of the defendant. This court made it quite clear it would not have approved a judgment in plaintiff's favor in that case for the reason that plaintiff failed to see what was there plainly to be seen.

In the majority opinion, Mr. Justice Moore is quoted with approval from *Kendall Transportation Co. v. Jungck,* 136 Colo. 339, 316 P. (2d) 1052. I find no comparable situation to this case. It is plainly stated in the Kendall case that the evidence was sufficiently in *conflict* with relation to lighting, obstruction, time intervals, distances and measurements, etc. There was no conflict here.

By this opinion, the relegation of the trial judge to the position of referee in automobile damage cases wherein a jury has been asked for, has thoroughly confused the state of the law in this state. With the mounting toll of death and destruction on the highway, every case now is a fair gamble before the jury. If blindly entering an intersection can be said to be prudent because a jury verdict so indicates (notwithstanding the fact that so many factual matters enter into jury deliberations); if such admitted conduct demonstrating complete lack of care can now be said to be a subject readily to be debated by juries; if it can be said that such conduct can just as readily be said to be proper as to be foolhardy, then the duty of judges to pronounce the law has been so weakened as to be in the future virtually non-existent.