No. 20,195.

MARION LEROY RINE *v.* HAROLD F. ISHAM.
(382 P. [2d] 535)

Decided June 10, 1963.

Mr. ROBERT E. MCLEAN, Mrs. MARJORIE WORLAND MC-LEAN, Mr. BENJAMIN W. FANN, for plaintiff in error.

Messrs. TARTER & TARTER, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THE parties appear here in the same order in which they appeared in the trial court and will be referred to as plaintiff and defendant or by name.

Plaintiff Rine brought the action for damages for personal injuries sustained by him in a collision between an automobile driven by him and one driven by the defendant Isham. The defendant answered, alleging that the accident was solely the result of the negligence of the plaintiff or that the plaintiff was guilty of contributory negligence, and counterclaimed for damages arising from the accident. Trial was to a jury.

The evidence disclosed that the collision occurred in the city of Colorado Springs at the intersection of Kiowa and Chestnut Streets. No signs or signals controlled the flow of traffic into and through this intersection. Chestnut Street runs in a north-south direction measuring approximately 30 feet in width. Kiowa Street runs east and west, its width west of the intersection measuring approximately 25 feet. East thereof it widens to 67 feet beginning with the east line of Chestnut Street. A car traveling east on Kiowa Street must angle to the right as it enters the intersection so as to be on the right hand side of Kiowa Street after the intersection is crossed.

Rine testified that at about 10:45 P.M. on February 4, 1961, he was proceeding north on Chestnut Street at a speed approximating 25 miles per hour. As he approached the intersection of Chestnut and Kiowa Streets he eased up on the accelerator. He saw Isham's car approaching from his left on Kiowa Street and, not knowing what Isham's car was going to do, took his foot completely off the accelerator. He immediately noted that Isham's car was going to continue into the intersection and he thereupon applied his brakes and swerved to the left in an attempt to avoid the collision. The front of his car struck the right rear of Isham's car. Only a moment elapsed from the time Rine saw Isham's car and the time he applied his brakes.

Isham testified that he approached the intersection at a speed of 20 miles per hour and was decelerating as he entered the intersection. The southwest corner of the intersection was obstructed by shrubs and by vehicles. Isham looked to his right and then to his left, but failed to see Rine's auto until he had passed the rear of a truck parked within 10 feet of the corner at which time he was already in the intersection. He said he saw Rine's car for but a fleeting second before the impact.

The police officer who investigated the collision stated that the speed limit at the intersection was 30 miles per hour. He estimated that the speeds of each of the auto-

mobiles was between 20 and 25 miles per hour. The officer located the point of impact as midway across Chestnut Street. The ordinances of the city of Colorado Springs provide that the driver on the right has the right-of-way.

On this state of the evidence, the trial court denied a motion for directed verdict at the close of the testimony and submitted the matter to the jury. After deliberation the jury returned a verdict for the plaintiff but assessed his damages as "none," and also found against the defendant on his counterclaim. The trial court thereupon advised the jury that such a verdict could not stand since the plaintiff had proved some damages, and sent the jury back to reconsider its verdict, advising them in effect that they could find for the defendant if they wished, but if they found for the plaintiff they must return a verdict which included the amount of damages which had been proved. After further deliberation the jury again returned a verdict against the defendant on his counterclaim and for the plaintiff on his complaint, assessing the plaintiff's damages at $388.30. Judgment was entered on these verdicts.

Plaintiff, in apt time, filed a motion for new trial on the issue of damages alone and the defendant filed a motion for judgment *non obstante veredicto,* or, in the alternative, for a new trial. The trial court granted the defendant's motion for judgment *non obstante veredicto,* set aside the judgment in favor of the plaintiff, and entered judgment against the plaintiff on the complaint. The judgment previously entered against the defendant on his counterclaim was left intact. The plaintiff seeks here to have the judgment reversed with directions to grant a new trial on the issue of damages only.

Defendant's motion for judgment *non obstante veredicto* was based on five grounds: (1) that the accident was solely caused by plaintiff's negligence as a matter of law; (2) that the plaintiff was guilty of contributory negligence as a matter of law; (3) that the jury was

confused as to the verdicts which it meant to return; (4) that certain instructions given by the court were improper; and (5) that plaintiff's counsel presented improper argument to the jury. The trial judge, in granting the motion for judgment *non obstante veredicto* did not state the grounds upon which he relied but, since the third, fourth and fifth grounds, if sustained, could result only in a new trial, it is clear that the ruling of the court was based on one of the first two grounds of the motion.

To affirm the trial court's ruling, it would be necessary to hold that under the facts established, reasonable minds could reach no other conclusion than that defendant was *not* negligent as a matter of law; or that plaintiff was guilty of contributory negligence as a matter of law. Our examination of the record convinces us that neither conclusion is tenable.

■ The plaintiff had the right-of-way and the defendant clearly failed to yield it to him or even attempt to do so. There was evidence in the record from which the jury could determine that the defendant drove blindly into the intersection oblivious to the plaintiff's car which had the right-of-way and which was but 30 feet distant. It is the duty of every driver when approaching a street intersection to yield the right-of-way to the favored vehicle and to keep his car under such control that he can do so. *Golden Eagle Dry Goods Co. v. Mockbee*, 68 Colo. 312, 189 Pac. 850; *Knifer v. De Julio*, 88 Colo. 316, 295 Pac. 916; *Kuhn v. Frazier*, 146 Colo. 202, 361 P. (2d) 363. There was certainly sufficient evidence to warrant a finding by the jury that the defendant was negligent and that his negligence was a proximate cause of the accident.

■ We turn now to the question of whether the plaintiff's conduct was such as to constitute contributory negligence as a matter of law so as to require the court to set aside a verdict in his favor. It is, of course, the law in this state that though one may have the

right-of-way he is not absolved from a duty to use reasonable care, *Rigot v. Conda,* 134 Colo. 375, 304 P. (2d) 629; *Denver Equipment Co. v. Newell,* 115 Colo. 23, 169 P. (2d) 174, but what is reasonable care under such circumstances is ordinarily a question of fact for the jury. *Kuhn v. Frazier,* supra; *Denver Equipment Co. v. Newell,* supra. Defendant's contention that plaintiff was guilty of contributory negligence as a matter of law is predicated upon the argument that the plaintiff entered the intersection at an excessive speed and failed to act prudently to avoid the accident after seeing the defendant's car. There was competent evidence that plaintiff's speed as he approached the intersection was less than the maximum safe speed. Rine testified that as soon as he saw the defendant's car he took his foot off the accelerator and at almost the same time reached for the brakes and swerved in an attempt to avoid the collision. Certainly reasonable minds could, under such circumstances, find that Rine's actions were reasonably prudent and it cannot be said that he was contributorily negligent as a matter of law.

The defendant urges, however, that the present case is controlled by *Clibon v. Wayman,* 137 Colo. 495, 327 P. (2d) 283 and *Bennett v. Hall,* 132 Colo. 419, 290 P. (2d) 241. We do not agree. In *Clibon* the plaintiff, who had the right-of-way, violated a city ordinance applicable to the circumstances in the case and was held to be negligent as a matter of law. That case is readily distinguishable upon its facts. In *Bennett* the plaintiff saw the defendant approaching when he was approximately 600 feet from the point of impact and had ample opportunity to stop. Moreover, *Kendall Transportation Co. v. Jungck,* 136 Colo. 339, 316 P. (2d) 1052, holds that *Bennett* must be limited to the particular circumstances of that case and that in situations comparable to the instant case contributory negligence is for the trier of the fact. The trial court here was correct when it submitted the issues to the jury, and in error when it entered judg-

ment for the defendant notwithstanding the verdict for plaintiff.

Plaintiff contends that the trial court erred in refusing to grant his motion for a new trial on the issue of damages only. He urges us to direct the trial court to grant such a trial. The first verdict of the jury awarded the plaintiff no damages although making a general finding in his favor. The second verdict was in the exact amount of plaintiff's expenses for physicians' fees, hospitalization, cervical collar and towing charge. No compensation was awarded for loss of earnings or for pain and suffering. On the issue of damages, plaintiff's doctor testified that as a result of the collision plaintiff had incurred a strain in the cervical spine and had experienced muscle spasms, and that the injuries resulting from the accident were painful. The doctor stated that as a result of the accident the plaintiff was hospitalized for a week, during which time he was in traction. He further testified that the plaintiff could not return to work until approximately one month from the date of the accident and then only part time.

The accident occurred, as we have said, on February 4, 1961, and on March 6, 1961, the plaintiff was involved in another accident. At the time of the trial the plaintiff was still receiving treatment and still complained of pain after long periods of work. It was the opinion of plaintiff's doctor that the plaintiff's condition was the result of the first accident. The defendant offered no medical witnesses to controvert the testimony of the plaintiff's witness, but sought by cross examination to establish that plaintiff's condition after March 6 was caused by the second accident.

■ Rine testified concerning his hospitalization, his pain, his medical bills, and that from the date of the accident to the date of the second accident he had lost $430 in earnings. He also testified to loss of earnings after the second accident. The court instructed the jury that, in assessing plaintiff's damages, they were to take into

consideration, among other things, his loss of earnings. Despite the testimony of the doctor that plaintiff could not work for a month after the first accident and the testimony of the plaintiff that he lost $430 in wages during that period, and despite the instructions of the court, the jury first assessed the plaintiff's damages at "none" and in the second verdict at $388.30. This allowed nothing for loss of earnings. It is clear that the jury failed to follow the court's instructions regarding damages and the verdict was therefore improper. *Staples v. Langley,* 148 Colo. 498, 366 P. (2d) 861.

While this Court has, in certain circumstances, ordered a new trial on the issue of damages alone, *Murrow v. Whiteley,* 125 Colo. 392, 244 P. (2d) 657; *Staples v. Langley,* supra, yet the particular circumstances here are such as to dictate a new trial on all of the issues in the interest of justice. The question of liability was hotly contested in the trial court and is the chief issue before us now. The first verdict returned by the jury assessed the plaintiff's damages at "none." After direction by the court that if it found for the plaintiff it must award him such damages as he had proved, the jury still awarded less than the special damages sustained by the plaintiff. These events indicate a compromise verdict on the crucial question of liability and require a new trial on all issues. See *Simmons v. Fish,* 210 Mass. 563, 97 N.E. 102 and the persuasive opinions by Justice Traynor in *Hamasaki v. Flotho,* 39 Calif. (2d) 602, 248 P. (2d) 910 and *Rose v. Melody Lane of Wilshire,* 39 Calif. (2d) 481, 247 P. (2d) 335. See also 39 Neb. L. Rev. 694, 726.

Plaintiff also contends that the trial court erred in withdrawing the issue of permanent injury from consideration of the jury. The only testimony offered on the question of permanency of the injury is contained in the testimony of the plaintiff's medical witness who said that plaintiff was suffering pain at the time of the trial and that it was probable that plaintiff would suffer such pain in the future as a result of the accident whenever

he worked extra long hours or did heavy lifting on his job.

The court should have instructed the jury that in determining the damages of the plaintiff one of the elements to be considered was the future pain and suffering, if any, which would result to the plaintiff by reason of the accident. See *Moseley v. Lamirato,* 149 Colo. 440, 370 P. (2d) 450.

The judgment is reversed and the cause remanded with directions to grant a new trial on all issues.