No. 23099.

Dorothy M. Hernandez, d/b/a Valley Taxi Service *v.*
Ray G. Ratliff.
(470 P.2d 579)

Decided June 15, 1970.

PETERSEN, EVENSEN and MATTOON, JOHN R. TRACEY, for plaintiff in error.

RALPH N. WADLEIGH, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

PLAINTIFF in error, Dorothy M. Hernandez, who was the plaintiff in the trial court, alleged in her complaint for property damages that the "defendant negligently drove a motor vehicle in front of a motor vehicle owned by the plaintiff" and driven by one Amaya, an employee of the plaintiff. The impact between the vehicles occurred at an intersection in Rocky Ford, Colorado, at approximately 10:00 P.M. In his counterclaim for property damages and personal injuries, the defendant alleged that the collision was caused by the negligence of the plaintiff's employee.

After trial to the court, a judgment for $1,770.97 was entered for the defendant on his counterclaim and the plaintiff's complaint was ordered dismissed. The findings of fact and conclusions of law by the trial court detailed the evidence and concluded that the plaintiff was negligent because C.R.S. 1963, 13-5-51 gave the right-of-way

at this intersection to the defendant and the plaintiff negligently failed to yield the right-of-way.

A transcript of the trial testimony and evidence was not designated by the plaintiff as a part of the record certified to this court. It is the plaintiff's position in seeking reversal of the judgment in favor of the defendant on his counterclaim that the findings of fact by the trial court are supported by the evidence; however, these findings of fact, as a matter of law, clearly show that the defendant was contributorily negligent and therefore not entitled to recover any judgment against the plaintiff. The plaintiff does not argue about the trial court's conclusion that the plaintiff's employee was negligent in failing to yield the right-of-way to the defendant.

The plaintiff claims that the trial court erred in its conclusions of law because the facts as found by the trial court require the application of the "look but fail to see" rule on the defendant's actions just prior to the collision. It is a well-established rule in this state that a party to an automobile collision who looks but fails to see what is plainly visible is guilty of negligence because his act of looking was obviously done without reasonable care and has no more effect than not looking at all. *Clibon v. Wayman,* 137 Colo. 495, 327 P.2d 283; *Ridenour v. Diffee,* 133 Colo. 467, 297 P.2d 280; *Werner v. Schrader,* 127 Colo. 523, 258 P.2d 766; *Denver Equipment Co. v. Newell,* 115 Colo. 23, 169 P.2d 174; *Aaron v. Wesebaum,* 114 Colo. 61, 162 P.2d 232; *Fabling v. Jones,* 108 Colo. 144, 114 P.2d 1100; and *Kracaw v. Micheletti,* 85 Colo. 384, 276 P.333.

We do not agree that the trial court's findings require the application of this rule as a matter of law. The trial court found that as the defendant approached the intersection with the intention of making a left turn, he looked but did not see the plaintiff automobile approaching and saw it only after he had progressed into the intersection. However, preceding this finding, the trial court also found that

"There is an evergreen tree and a hedge on the corner of the lot lying south and west of the intersection, but whether or not they made this a 'blind corner' was not detailed."

Based on these findings, it is our view that the plaintiff's contention that the "look but not see" rule should have been applied is completely without merit. To properly apply this rule, as a matter of law, it is elemental that the approaching vehicle must be plainly visible and that the view of it must be unobstructed. If the evidence on these points is not clear or is disputed, then it remains a fact question for the trier of the facts to resolve. The effect of these findings by the trial court is that the evidence was insufficient to charge the defendant with contributory negligence in this respect.

■ The plaintiff's other contention is that when the trial court applied the right-of-way rule of C.R.S. 1963, 13-5-51, it should have also, as a matter of law, applied 1965 Perm. Supp., C.R.S. 1963, 13-5-48 which provides that no person shall turn a vehicle at an intersection unless such turning movement can be made with reasonable safety. The plaintiff argues that since the court found that the defendant was approaching the intersection with the intention of turning left, this statute should also have been applied with the result that the court would have then been required to find that the defendant was contributorily negligent because the left turn which he had intended to make could not have been made with reasonable safety. Suffice it to say that the trial court's findings do not indicate that at the point of impact, the defendant was in the process of making a left turn. Our examination of the findings of the trial court indicate that the impact took place prior to the commencement of any turning operation by the defendant. This contention of the plaintiff is also without merit.

Judgment affirmed.

Mr. Chief Justice McWilliams, Mr. Justice Day and Mr. Justice Pringle concur.